THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARI E. WHEALON, Defendant-Appellant.

Fourth District   No. 4—88—0832

Opinion filed July 18, 1989.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and John Thomas Moran, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by defendant Mari E. Whealon from the order of the circuit court of Champaign County revoking defendant's probation

and sentencing her to a three-year term of imprisonment. Defendant had been placed on probation after pleading guilty to the offense of deceptive practices for passing bad checks on two occasions on December 26 and 28, 1987, with intent to defraud and to obtain control over property having a value exceeding $150 knowing the checks would not be paid by the depository. Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(d).

On appeal, the only issue raised by defendant is whether the trial court committed an abuse of discretion when sentencing defendant to the three-year term of imprisonment by failing to consider defendant's drug addiction as a mitigating factor. The precise comments of the trial judge to which defendant objects were these:

"It seems to me that this is not precisely, but almost the exact posture of the Defendant in this courtroom. I didn't predict with precision the months. Instead of one or ten, it was more about four or five, with you here as coming up before the Court, and saying gee, I am just a poor junkie. It's not my fault. I don't know what to do. I can't control myself. It's a real problem for me, and as she stood before this Court a few months ago, and was put on probation, would suffer absolutely no consequences as a result of having done so. She declined to admit or acknowledge this drug problem and then violated conditions of probation and now as she faces sentencing, I am supposed to consider it. Things don't work that way, not in this courtroom, and I have given Miss Whealon her opportunity to own up once, it's too late now.

\* \* \*

I don't find there to be any mitigation in this case at all."

■ When a person is convicted of violating subsection (B)(d) of the deceptive practices statute by obtaining control of property having a value exceeding $150 in separate transactions within a 90-day period, the offense is a Class 4 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(d).) A sentence of imprisonment for a Class 4 felony shall not be less than one year nor more than three years. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).

■ Because the trial court is in a better position than is the reviewing court to consider factors such as defendant's demeanor and credibility, as well as other factors, the trial court is usually better able to assess the proper sentence to be imposed in any particular case. For this reason, in the absence of an abuse of discretion being demonstrated, a reviewing court will not overturn a sentence which complies with the statutory sentencing limitations. (*People v. Perru-*

*quet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In determining whether an abuse of discretion has occurred, the record must be viewed in its entirety (*People v. Davis* (1984), 123 Ill. App. 3d 349, 462 N.E.2d 824), without undue emphasis being placed on isolated comments by the judge.

■ In sentencing the defendant, the trial court must consider any evidence presented which relates to the statutory factors in mitigation and aggravation (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.1, 1005—5—3.2). When sentencing a defendant following a revocation of probation, defendant's conduct during probation may be considered, and not merely defendant's conduct up to the time of conviction. (*People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443.) Drug addiction is not one of the statutorily mandated mitigating factors to be considered, although in appropriate cases courts might consider drug addiction as a factor in mitigation. The defendant cites no cases in which this has been recognized as an appropriate practice. On the other hand, defendant points to the fact intoxication or alcohol dependence has been considered as a factor in reducing a sentence. (*People v. Walcher* (1969), 42 Ill. 2d 159, 246 N.E.2d 256; *People v. Goodman* (1981), 98 Ill. App. 3d 743, 424 N.E.2d 663.) However, if the record disclosed the trial court did not refuse to consider the drug addiction, but instead after considering the defendant's argument, decided the drug addiction, if proved, did not entitle defendant to lenient treatment, then no abuse of discretion has occurred. See *People v. Downey* (1987), 162 Ill. App. 3d 322, 515 N.E.2d 362; *People v. Bartay* (1986), 150 Ill. App. 3d 130, 501 N.E.2d 364.

The presentence report indicates that prior to pleading guilty on the instant offense, this 26-year-old defendant had prior convictions for deceptive practices on July 2, 1981, and for forgery on January 24, 1983. Probation was the sentence for both of these, and in the first of those cases, defendant completed her probation unsuccessfully, paying only $5 of the $64.20 ordered restitution; failing to report to the probation office 3 of 12 months and failing to report changes of address. At the sentencing hearing, defendant did not testify. Nor did defendant call any witnesses who testified defendant was addicted to drugs, although the presentence report does summarize defendant's drug use.

For the instant offense, defendant was sentenced to 24 months' intensive probation on May 12, 1988. Although court costs were recovered from defendant's bond, at the time of the resentencing, no payment had yet been received on the $175.20 ordered to be paid as restitution. Defendant failed to report on eight occasions, violated cur-

few three nights, and based on urine testing, was found to have violated the directive against using controlled substances on three occasions. According to the alcohol-drug use portion of the presentence report, defendant admitted to smoking cannabis once in a while and using cocaine on weekends when someone brings it over because she does not have the money to purchase it.

At the request of the Department of Children and Family Services, defendant was ordered to appear for evaluation but failed to make sufficient appointments to complete evaluation and testing. In addition, she failed to appear for two scheduled appointments for evaluation of her drug usage after being referred to a service by the probation office.

The trial court stated defendant was given several opportunities to rehabilitate any drug problem she may have, although the court also noted defendant denied having such a problem at the time she was placed on probation. The court also was concerned that, before being sentenced, defendant took her children, a three-year-old and an eight-month-old, out of foster care and left the State, later to be apprehended in Arizona.

Defendant's actions, both prior to and after being placed on probation, clearly indicate defendant's indifference to the laws of this State. There is no evidence defendant is addicted to any drug or that the addiction contributed to the commission of the offense, as the defendant now argues. Nor is this a proper case for this court to determine whether drug addiction may or may not be a mitigating factor. It is clear from the record, nevertheless, that the trial court considered the facts before the court and found the defendant's argument of drug addiction as a mitigating factor should be accorded little weight.

■ We are unwilling to state definitively that drug addiction is or is not a mitigating factor. There may be some circumstances in which it is a mitigating factor. On the other hand, it is more readily apparent that drug addiction can be an aggravating factor as part of defendant's history of prior criminal activity (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(a)(3)) or as evidence refuting the following mitigating factors: (1) defendant's conduct was the result of circumstances not likely to recur, and (2) defendant's character and attitude indicate he is unlikely to commit another crime. Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.1(a)(8), (a)(9).

■ Here, defendant argues she was brought to the commission of the offense because she needed money to buy drugs. Unfortunately, the record on appeal does not include the factual basis for the guilty

plea. If defendant passed bad checks to obtain merchandise, her argument fails of its own weight. And even if she passed bad checks to obtain cash to buy drugs, if defendant's alleged addiction continues, then defendant's criminal activity is likely to recur. Therefore, the trial court in this case properly considered the defendant's argument.

For the foregoing reasons, the order of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.