THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE SCOTT, Defendant-Appellant.

Third District   No. 3—90—0826

———

Opinion filed February 13, 1992.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, George Scott, appeals his concurrent eight-year sentences for two counts of reckless homicide (Ill. Rev. Stat. 1989, ch. 38, par. 9—3). We affirm.

The record shows Scott was charged with two counts of reckless homicide and one count of driving under the influence of alcohol (DUI). He entered blind pleas of guilty to the charges. At the guilty plea hearing, the prosecutor presented the factual basis for the pleas. He stated the evidence would show that on November 20, 1989, Scott was seen driving erratically in the New Lenox area. At one point, Scott nearly caused an accident, and at an intersection he spun his tires. Around 3:27 p.m., Scott was seen on Cedar Road, where construction work was being done at the intersection of that road and Illinois Highway. When Scott came to the intersection, he drove through the barricades. His car struck three men before coming to a stop about 200 feet past the intersection. The car's brake lights never came on during the accident.

Officer Klier would testify that while he was at the scene of the accident, he noted Scott had slurred speech, bloodshot eyes, and the odor of alcohol on his breath. The assistant coroner would testify that two victims were pronounced dead at the scene. Another victim, Howard Hamilton, was hospitalized for 3½ weeks and was still confined to a wheelchair at the time of the sentencing hearing.

According to the factual basis, after Scott was taken to the hospital, he was then given a blood test. The result showed the alcohol content of his blood was .197. This result is nearly twice the legal blood-alcohol content. A coroner's physician would testify Scott was under the influence of alcohol at the time of the accident. In the physician's opinion, the alcohol content of Scott's blood would have caused a delay in his reaction time. The witness would also state the two victims died of head injuries stemming from blunt trauma.

The trial court accepted the guilty pleas and entered convictions on all three counts. The cause then proceeded to sentencing. According to the presentence report, the 33-year-old defendant had been previously convicted of five traffic offenses and one count of disorderly conduct. He had received court supervision for each offense. Additionally, over the past 15 years Scott had worked as a plumber, printer, shipping clerk, and food service worker. He had not worked in 1989. He also told a counselor he had not worked from May of 1989 to May of 1990.

The report further indicated Scott had a history of alcohol and drug abuse. He eventually sought treatment for his problems. However, on November 6, 1989, he was expelled from a chemical dependency program for using cocaine while out on a therapeutic pass. He entered another program, but soon left against medical advice and resumed using alcohol. On May 24, 1990, he showed up for an appointment at an alcoholism counseling center after he had been drinking. When he was confronted by the staff, he left the facility. He later successfully completed 77 days in a treatment program. Scott's counselor said Scott needed long-term treatment in a structured environment in order to remain sober.

At the sentencing hearing, three relatives of the deceased victims expressed their grief over the incident. Howard Hamilton testified his injuries from the accident included broken legs, a collapsed lung, a broken shoulder blade, and a head injury that required surgery in order to monitor the pressure on his brain.

Officer Dennis Klier testified he interviewed a number of occurrence witnesses at the scene. He was told Scott's car accelerated during the accident. When Officer Klier tried to speak to Scott at the

scene, Scott screamed and used obscenities. Scott also kicked, swung his arms, and threatened to beat up Officer Klier. After Scott was taken to the hospital, he used profanity and made an obscene gesture at Klier. Eventually, Scott calmed down and cooperated with Klier.

During closing arguments, the prosecutor noted Scott was eligible for an extended term because more than one person had died in the incident (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(3), 1005—8—2(a)(5)). Following arguments, Scott expressed his remorse for what had happened.

The trial court found the following mitigating factors to be present: Scott's previous criminal and driving record was essentially unblemished, Scott pled guilty and was remorseful about the incident, and Scott had completed 77 days of alcohol treatment.

The court found the following aggravating factors to be present: Scott had a long history of alcohol and drug abuse, and the sentence was necessary to deter others from committing the same crime.

Thereafter, the court sentenced Scott to concurrent extended terms of eight years for each reckless homicide count and a concurrent term of three years for the DUI count.

Scott later filed a motion to reconsider sentence. At the hearing on the motion, the court noted one of the reasons it imposed the eight-year sentences was even though Scott had a long history of alcohol and drug abuse, he still chose to drive on the day of the accident. Thereafter, the court denied the motion to reconsider.

On appeal, Scott contends the court erred in sentencing him to extended eight-year terms on the reckless homicide counts. He argues the court should not have considered as an aggravating factor his history of alcohol and drug abuse.

■ Neither alcohol nor drug abuse is listed in the Unified Code of Corrections as a mitigating or aggravating factor. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.1, 1005—5—3.2.) However, a sentencing court may base its sentence on factors other than those listed in the Code so long as they are consistent with the Code. (*People v. Allen* (1983), 119 Ill. App. 3d 845, 457 N.E.2d 77.) Accordingly, prior drug use may be considered an aggravating factor since it is evidence of prior criminal activity. (*People v. Whealon* (1989), 185 Ill. App. 3d 570, 541 N.E.2d 865.) A defendant's history of alcoholism may also be considered as evidence that his conduct is likely to recur. *People v. Clune* (1980), 82 Ill. App. 3d 545, 402 N.E.2d 928.

Here, Scott's long-term alcohol problem was linked to the instant offenses. His counselor stated that if Scott did not stay in a structured environment, he was likely to continue abusing alcohol. The pre-

sentence report, however, shows Scott has had limited success in counseling. Scott's drinking problem is therefore evidence his conduct might recur.

Additionally, at the hearing on the motion to reconsider sentence, the trial judge shed further light on his analysis of the aggravating and mitigating factors. He stated his concern was with Scott's decision to drive on the day of the accident despite Scott's knowledge he had a history of substance abuse. We find this to be a proper consideration. Accordingly, we find no error with the trial court's comments concerning Scott's alcoholism. Additionally, we find the court could consider Scott's drug abuse problem to be an aggravating factor because it was evidence of prior criminal activity. Consequently, no error occurred.

Scott further argues the court erred in sentencing him because it failed to give sufficient weight to the mitigating evidence. In addressing this issue, we note we cannot substitute our judgment for that of the sentencing court simply because we might have balanced the factors differently. (*People v. Pittman* (1982), 93 Ill. 2d 169, 442 N.E.2d 836.) Instead, we can only reverse a sentence if it was an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) An abuse of discretion is defined as a sentence that is manifestly unjust or palpably wrong. *People v. Anderson* (1986), 112 Ill. 2d 39, 490 N.E.2d 1263.

■ In imposing sentence, the court may consider the manner in which the crime occurred. (*People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.) Here, the factual basis showed that while Scott was highly intoxicated, he crashed through construction barricades, killed two people, and seriously injured another. There was evidence that in the course of the accident, his brake lights did not come on and he even accelerated. After the accident occurred, his conduct toward the investigating officer was abusive and belligerent. Furthermore, his previous history of substance abuse may be considered in aggravation. Clearly, Scott's conduct strongly needs to be deterred and punished. We find there was ample evidence supporting the sentence.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and GORMAN, JJ., concur.