THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUFF A. CHRISTY, Defendant-Appellant.

Fourth District    No. 4—93—1084

Opinion filed May 3, 1995.

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael Atterberry, State's Attorney, of Petersburg (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In November 1993, a jury convicted defendant, Duff A. Christy, of three separate counts of driving while license revoked (DWR) after having previously been convicted of DWR when the original revocation resulted from a conviction for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501 (West 1992)), in violation of section 6—303(d) of the Illinois Vehicle Code (Code) (625 ILCS 5/6—303(d) (West 1992)). The trial court later sentenced him to six years in prison on each of the three counts, with the sentences to run concurrently. Defendant appeals, arguing only that his sentence was excessive.

We disagree and affirm.

The evidence presented at defendant's sentencing hearing revealed that he was 31 years old and had the following criminal record: six convictions for DUI, one conviction for battery, and eight

convictions for DWR, *not* including the three DWR convictions in this case. On appeal, defendant does not challenge the trial court's treating his current DWR convictions as Class 4 felonies pursuant to section 6—303(d) of the Code, nor does he challenge his eligibility for an extended-term sentence (of not less than three years and not more than six years) pursuant to sections 5—5—3.2(b)(1) and 5—8—2(a)(6) of the Unified Code of Corrections (730 ILCS 5/5—5—3.2(b)(1), 5—8—2(a)(6) (West 1992)). Instead, defendant simply argues that his six-year concurrent prison sentences for three counts of DWR were excessive.

In support of his argument, defendant primarily relies upon *People v. Odom* (1980), 82 Ill. App. 3d 853, 854-55, 403 N.E.2d 297, 298-99, in which this court reversed a jail sentence of 364 days imposed upon the defendant's conviction of criminal damage to property (Ill. Rev. Stat. 1977, ch. 38, par. 21—1), a Class A misdemeanor. Even though the defendant in *Odom* had eight prior misdemeanor convictions, this court deemed his sentence excessive, explaining as follows:

> "One purpose of criminal sanctions is to rehabilitate offenders. The sentence is also to deter other criminal conduct. If the object and purpose of our criminal laws are to be realized, the relationship between the conduct and the sentence or punishment has to be such as not to bring the system of the administration of criminal justice into serious question, if not disrepute. If the sentence imposed is so out of proportion to the offense as to beget public indignation, it is counterproductive. We conclude that this sentence is in that category." *Odom*, 82 Ill. App. 3d at 855, 403 N.E.2d at 299.

In *People v. Jones* (1995), 269 Ill. App. 3d 925, this court considered the defendant's claim that his sentence of 30 years in prison for attempt (first degree murder) was excessive, and we reviewed at length the law applicable to such claims. Without repeating our recent discussion in *Jones*, we merely note—once again—that the law in this State is clear that courts of review must grant great deference to the sentencing decisions of trial courts and must not substitute their judgment for that of sentencing courts merely because they would have weighed sentencing factors differently. *People v. Streit* (1991), 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353.

Because the discretion to impose a sentence is vested *solely* in the trial court, we reaffirm that when a sentence falls within statutory guidelines, this court will not disturb it on review unless it is manifestly disproportionate to the nature of the case. (*People v. Nussbaum* (1993), 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758.) In our

968

judgment, the language this court used in *Odom*—expressing concerns about sentences bringing the administration of criminal justice "into serious question, if not disrepute," and about sentences so out of proportion to the offense that they "beget public indignation" and are "counterproductive"—is inconsistent with our holding in *Nussbaum* and the cases cited therein. Accordingly, we now overrule *Odom* to the extent that it differs from *Nussbaum*.

In conclusion (although not necessary to our decision), we note that the trial court expressed dismay when defendant appeared at the sentencing hearing under the influence of alcohol. The trial court appropriately considered defendant's appearance when assessing both how seriously defendant viewed his criminal conduct and how his appearance affected his rehabilitative potential.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.