THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER TROSS, Defendant-Appellant.

Second District    No. 2—94—1227

Opinion filed June 7, 1996.

G. Joseph Weller and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

The defendant, Christopher Tross, appeals his sentence of five

years' imprisonment stemming from his guilty plea to reckless homicide (720 ILCS 5/9—3(a) (West 1994)). We affirm.

The record reveals that the defendant was charged with two alternative counts of reckless homicide (720 ILCS 5/9—3(a) (West 1994)) and two violations of the Illinois Vehicle Code (625 ILCS 5/11—501.2 (West 1994); 625 ILCS 5/11—501(a)(1) (West 1994)). The indictment alleged that on March 11, 1993, the defendant drove an automobile while under the influence of alcohol and performed acts that were likely to cause death or great bodily harm. Specifically, it was alleged that the defendant drove on the shoulder of the I-355 expressway and caused the death of the victim, James Szach.

On May 4, 1994, the parties informed the court that the defendant wished to enter a plea of guilty to count I of the indictment, charging him with reckless homicide, and that the other charges against the defendant would be nol prossed.

The prosecutor then presented the factual basis for the plea. He stated that the evidence would show that, on March 11, 1993, between 7:30 and 8 p.m., the victim had an automobile accident on I-355 and pulled his car onto the center median. Subsequently, a tow truck arrived. Mr. Stark, from the towing company, would testify that he saw the defendant's car, travelling south, go onto the median and hit the victim while the victim was behind the tow truck and car.

Trooper Smith of the Illinois State Police would testify that, following the accident, he observed that the defendant emitted a strong smell of alcohol and had glassy red eyes and slurred speech. Trooper Smith also observed a half-full half-pint bottle of Jack Daniels whiskey in the defendant's car.

According to the factual basis presented by the prosecutor, the defendant was given a blood test after he had been taken to the hospital for his own injuries sustained in the collision. When blood was drawn at 8:40 p.m., the defendant's blood-alcohol reading was 0.27. Two hours later, when blood was drawn for the investigation at the request of police officers, the blood-alcohol reading was 0.15.

On March 22, 1993, the defendant admitted during questioning that he had been at a party on March 11, where he had drunk three beers. According to the defendant, he left the party to take his girlfriend home. The defendant stated that his sister was initially driving, but she encountered difficulty in adjusting the driver's seat, so she and the defendant switched seats and the defendant drove. The defendant started driving at Route 53 and North Avenue. The defendant stated that, after he was on I-355, he was adjusting the radio knob when his sister said, "[w]atch out for that tow truck." The

defendant later admitted that he had consumed at least six beers and had also been drinking directly from a vodka bottle.

After defense counsel stipulated that there was a factual basis, the court found the defendant guilty, and the matter proceeded to sentencing, whereupon both sides presented evidence. In mitigation, the defendant presented evidence that he had problems with alcohol. Testimony from the sentencing hearing indicated that prior to the March 11, 1993, incident, the defendant had been convicted of driving under the influence (DUI). Subsequent to the March 11, 1993, incident, evidence was presented that the defendant still committed crimes while under the influence of alcohol, including testimony that the defendant, on one occasion, drove while intoxicated. No evidence was presented that the defendant had recently sought treatment for his alcohol problems.

In pronouncing the sentence, the trial court noted that it had considered the statutory factors in aggravation (730 ILCS 5/5—5—3.2 (West 1994)) and mitigation (730 ILCS 5/5—5—3.1 (West 1994)). The court specifically mentioned that the defendant did not have a substantial criminal background, notwithstanding a prior DUI conviction, but had committed the offenses of theft and domestic violence while the instant case was pending. The court stated that it found it "troubling," in the light of the defendant's prior DUI conviction:

> "[T]hat the [d]efendant was aware of his drinking problem. \*\*\* Instead of dealing with that problem \*\*\*, he went on to commit this offense with a blood alcohol content of .27, was involved [*sic*] in the domestic battery while drinking.
>
> As the evidence was adduced at the sentencing hearing, the [d]efendant has been drinking heavily and continues to drink heavily, at least five times within the last few months.
>
> There was testimony that he did, in fact, operate a motor vehicle after drinking."

Thereafter, the court rejected defense counsel's suggestion of probation and sentenced the defendant to five years' imprisonment. Subsequently, the trial court denied the defendant's motion to reconsider the sentence.

●1 In sentencing a defendant for reckless homicide, a trial court may normally impose a sentence of two to five years' imprisonment. 720 ILCS 5/9—3(d)(2) (West 1994); 730 ILCS 5/5—8—1(a)(6) (West 1994). In cases where the defendant in a reckless homicide case is proved beyond a reasonable doubt to have been under the influence of alcohol, the penalty is increased to 3 to 14 years' imprisonment. 720 ILCS 5/9—3(e) (West 1994). During sentencing, evidence is admissible if found to be sufficiently relevant and reliable. *People v. Hope*,

168 Ill. 2d 1, 41 (1995), *cert. denied,* 517 U.S. 1223, 134 L. Ed. 2d 954, 116 S. Ct. 1855 (1996). We will not disturb a trial court's sentencing decision absent an abuse of discretion. *People v. Perruquet,* 68 Ill. 2d 149, 154 (1977). We note that a trial court is not constrained to find evidence proffered as mitigating to be, in fact, mitigating. *People v. Munson,* 171 Ill. 2d 158, 193-94 (1996). The question the instant case presents is whether the defendant's alcohol problems may properly be considered in aggravation.

The defendant contends that this case is controlled by *People v. Bennett,* 222 Ill. App. 3d 188 (1991). We disagree. In *Bennett,* we found that a trial court erred in relying upon alcoholism as an aggravating factor, stating that "alcoholism has traditionally been considered as a factor in mitigation." *Bennett,* 222 Ill. App. 3d at 204.

However, *Bennett* is factually distinguishable from the case at bar. *Bennett* involved a defendant convicted of felony murder (720 ILCS 5/9—1(a)(3) (West 1994)) resulting from the commission of an aggravated battery (720 ILCS 5/12—4 (West 1994)), a specific intent crime. *Bennett,* 222 Ill. App. 3d at 190. Evidence was apparently presented regarding the defendant's alcoholism. *Bennett,* 222 Ill. App. 3d at 204. By contrast, the present case deals with a defendant who pleaded guilty to reckless homicide (720 ILCS 5/9—3(a) (West 1994)) as a result of driving under the influence of alcohol. More precisely, this case deals with reckless homicide exacerbated by intoxication. While intoxication is not *necessarily* an element of the crime of reckless homicide (*People v. Smith,* 149 Ill. 2d 558, 565 (1992); *People v. Rushton,* 254 Ill. App. 3d 156, 172 (1993)), here the defendant was charged with a version of reckless homicide involving alcohol or drugs (see *Rushton,* 254 Ill. App. 3d at 172-73). This court recently held that "[i]n such a case, the jury should be instructed that guilt is dependent upon finding all of the standard elements of reckless homicide plus an additional element of intoxication." *Rushton,* 254 Ill. App. 3d at 172. While intoxication may lessen the criminal culpability of a defendant involved in a specific intent crime, in the present case it constituted an element of the charge. Thus, *Bennett* is distinguishable because of the nature and extent of the crimes committed by the respective defendants.

Since *Bennett,* other cases have considered the issue of the nature of evidence of alcohol, and other drug problems, during sentencing. We note that some of these cases relate to a defendant's problems with illegal drugs and not alcohol. See, *e.g., People v. Smith,* 214 Ill. App. 3d 327 (1991); *People v. Whealon,* 185 Ill. App. 3d 570 (1989). However, we determine that these cases may relate to the present case because, while the *use* of alcohol may be legal, the *abuse* of

alcohol, when related to certain proscribed conduct, is not. The similarities between the abuse of illegal drugs and the abuse of alcohol justify, in our opinion, similar treatment of such abuse during sentencing. After consideration of these cases, we continue to hold that, during the sentencing phase of a trial *and depending upon the circumstances of the case*, a defendant's problems with alcohol may still constitute relevant evidence in mitigation. See *Bennett*, 222 Ill. App. 3d at 204; see generally *People v. Lego*, 168 Ill. 2d 561, 574-77 (1995) (chronic alcohol abuse led to diminished mental capacities to the point where defendant was unable to waive knowingly his right to counsel).

Additionally, as more fully discussed below, a defendant's alcohol problems *may* constitute relevant evidence to prove at least two other elements: *aggravation* (see *People v. Scott*, 225 Ill. App. 3d 938, 941 (1992) (defendant was charged with reckless homicide and the court found his prior drug use to be evidence of prior criminal activity); see also *Smith*, 214 Ill. App. 3d at 339-40 (defendant was charged with felony murder and armed robbery and the court found his prior drug use to be evidence of prior criminal activity)) *and the refutation of factors to be considered in mitigation* (*People v. Flanery*, 243 Ill. App. 3d 759, 761 (1993) (defendant was charged with armed robbery); *Scott*, 225 Ill. App. 3d at 941-42).

Logically, a defendant's alcohol problems may also be relevant to refute the statutory factors to be considered in aggravation (see 730 ILCS 5/5—5—3.2 (West 1994)), but no cases have had occasion to so find.

On review, an appellate court should focus on whether the trial court abused its discretion in considering alcohol problems as either mitigating, aggravating, or refuting any of the statutory mitigating or aggravating factors. See *Perruquet*, 68 Ill. 2d at 154.

■ We determine that alcohol problems may constitute relevant evidence in aggravation and that the trial court did not abuse its discretion in so finding in the instant case. Problems with alcohol are not expressly listed as a factor which may be considered in aggravation. 730 ILCS 5/5—5—3.2 (West 1994). However, a sentencing court may base its sentence on factors other than those listed in the Unified Code of Corrections (Code), so long as they are consistent with the Code. 730 ILCS 5/5—8—1(b) (West 1994). Thus, in certain cases, a defendant's alcohol problems may constitute relevant evidence of his history of criminal activity (see 730 ILCS 5/5—5—3.2(a)(3) (West 1994)), particularly where, as in the present case, the defendant demonstrated no qualms about driving while under the influence of alcohol, even after the accident which led to this prosecution (see

*Scott,* 225 Ill. App. 3d at 941 (defendant's prior drug use is evidence of prior criminal activity); see also *Smith,* 214 Ill. App. 3d at 339-40). Further, a defendant's alcohol problems may also constitute relevant evidence that "the sentence is necessary to deter others from committing the same crime." 730 ILCS 5/5—5—3.2(a)(7) (West 1994). In the present case, the trial judge specifically mentioned this factor. In light of the plethora of drunken driving crimes committed, we determine that no abuse of discretion occurred as to the consideration of deterrence.

We are further persuaded that the defendant's alcohol abuse may constitute relevant evidence in aggravation because defendants who commit reckless homicides while intoxicated are to be punished more severely than those who commit reckless homicides while sober. 720 ILCS 5/9—3(e) (West 1994). Our legislature has indicated that intoxication is an aggravating factor affecting the sentencing phase of a trial for reckless homicide. The trial court properly considered in aggravation the fact that the defendant demonstrated that he had not learned from the March 11, 1993, incident because he proceeded to commit further crimes while intoxicated. See *People v. Christy,* 271 Ill. App. 3d 966, 968 (1995) (court may consider in aggravation the defendant's apparent intoxication at the sentencing hearing for driving while his license was revoked for DUI). Where a defendant's behavior indicates that his alcohol problems lead to recidivism and the defendant takes no steps to either stop drinking or stop committing crimes while under the influence of alcohol, we determine that a trial court may, in its discretion, properly consider the defendant's alcohol problems in aggravation because a trial court is required to consider a defendant's rehabilitative potential, or the lack thereof, when fashioning a sentence. *People v. Williams,* 262 Ill. App. 3d 734, 746 (1994); Ill. Const. 1970, art. I, § 11.

Evidence of alcohol problems may also be relevant to refute factors considered in mitigation. In particular, it may be relevant to refute the following mitigating factors: (1) "the defendant's criminal conduct was the result of circumstances unlikely to recur" (730 ILCS 5/5—5—3.1(a)(8) (West 1994); *Flanery,* 243 Ill. App. 3d at 761; *Scott,* 225 Ill. App. 3d at 941); (2) "the character and attitudes of the defendant indicate that he is unlikely to commit another crime" (730 ILCS 5/5—5—3.1(a)(9) (West 1994); see *Smith,* 214 Ill. App. 3d at 340 (prior drug use of defendant refutes this mitigating factor); see also *Whealon,* 185 Ill. App. 3d at 574 (same)); (3) "the defendant is particularly likely to comply with the terms of a period of probation" (730 ILCS 5/5—5—3.1(a)(10) (West 1994); see *Smith,* 214 Ill. App. 3d at 340 (prior drug use of defendant refutes this mitigating factor)); and (4)

"the defendant has no history of \*\*\* criminal activity" (730 ILCS 5/5—5—3.1(a)(7) (West 1994); see *Smith*, 214 Ill. App. 3d at 340 (prior drug use of defendant refutes this mitigating factor); see also *Whealon*, 185 Ill. App. 3d at 574 (same)).

In the present case, the defendant ignored the lesson to be learned from his prior DUI and drove while intoxicated on March 11, 1993. During the pendency of this case, testimony during sentencing indicated that he again drove while intoxicated and also committed other crimes, ostensibly unrelated to alcohol. Also, the defendant did not timely complete the DUI "driving school" which he was ordered to attend for his prior DUI. In light of this evidence, we determine that the trial court did not abuse its discretion in considering that the defendant's pattern of chronic alcohol abuse refuted the factors in mitigation listed above.

In sum, while evidence of a defendant's alcohol problems in a particular case may be relevant to mitigation (see *Bennett*, 222 Ill. App. 3d at 204), in the present case the trial court did not abuse its discretion in considering this evidence in aggravation or as refuting the statutory mitigation factors. Depending upon the circumstances, evidence of a defendant's problems with alcohol may be considered as either mitigating or aggravating (*People v. Warren*, 237 Ill. App. 3d 946, 949 (1992)) or as refuting any of the statutory mitigation or aggravation factors (see 730 ILCS 5/5—5—3.1, 5—5—3.2 (West 1994)).

■ Turning to the defendant's other contentions with regard to his sentence, we determine that no abuse of discretion occurred. The defendant exhibits concern that his intoxication was an element of the offense to which he pleaded guilty, and he posits that it was therefore improper to use it as a factor in aggravation. However, the defendant misunderstands the nature of the trial court's consideration, which focused on the defendant's pattern of chronic alcohol abuse, *not* the mere fact that he happened to be intoxicated on March 11, 1993. As determined above, the trial court's consideration in this regard was proper.

■ Finally, the defendant argues that the trial court erroneously considered the seriousness of the harm resulting from the defendant's conduct and implicitly referred to the fact that the defendant's conduct caused a death. Our review of the record, however, indicates that the trial court did not improperly focus upon the death of the victim in this case. Any implicit reference to the victim's death as an aggravating factor was greatly outweighed by the court's focus on the defendant's unwillingness to address his alcohol problems as an aggravating factor.

We note that the defendant's 5-year sentence is within, and on

the low end of, the 3- to 14-year sentence available for the crime of reckless homicide where the defendant has been proved beyond a reasonable doubt to have been under the influence of alcohol. 720 ILCS 5/9—3(e) (West 1994). Our review of the record discloses that such a sentence is not against the manifest weight of the evidence, nor did any abuse of discretion occur during sentencing.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.