NOTICE

Decision filed 03/29/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220241-U

NO. 5-22-0241

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 19-CF-141 |
| | ) | |
| BRANDY BOGER, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in sentencing the defendant to four years' imprisonment.

¶ 2    The State charged the defendant, Brandy Boger, with one count of methamphetamine delivery of more than 5 grams but less than 15 grams (720 ILCS 646/55(a)(1), (a)(2)(B) (West 2018)), a Class 1 felony, and one count of methamphetamine delivery of less than 5 grams (*id.* § 55(a)(1), (a)(2)(A)), a Class 2 felony.  Thereafter, the defendant entered an open plea of guilty to one count of delivery of less than five grams of methamphetamine, and the trial court sentenced her to four years' imprisonment.  On appeal, the defendant challenges her sentence as excessive. For the reasons that follow, we affirm the order of the circuit court of Lawrence County.

1

¶ 3                                    I. BACKGROUND

¶ 4     On December 19, 2019, the State charged the defendant with two counts of methamphetamine delivery: one count of delivery of more than 5 but less than 15 grams of methamphetamine and one count of delivery of less than 5 grams of methamphetamine.

¶ 5     On July 7, 2021, the defendant entered an open plea of guilty to one count of delivery of less than five grams of methamphetamine, a Class 2 felony.  In exchange for the plea, the State agreed to dismiss the other methamphetamine delivery charge.  Before accepting the plea, the trial court made sure that the defendant understood the nature of the plea and had an opportunity to discuss it with counsel, admonished her about the minimum and maximum sentences prescribed by law, and admonished her about the rights she was giving up by pleading guilty.  Thereafter, the court accepted the defendant's guilty plea and found that it was knowingly and voluntarily made.

¶ 6     In October 2021, the defendant tested positive for amphetamine.  Subsequently, in November 2021, the defendant entered inpatient substance abuse treatment and completed the program on December 9, 2021.

¶ 7     The trial court held the sentencing hearing on January 19, 2022.  At the hearing, the defendant testified that she had been employed at Addus HomeCare providing home healthcare to her father, who was dying of double lung failure.  However, because she was charged with the two felonies, she could no longer work for Addus unless she obtained a waiver from the State.  She had two children, ages 23 and 15, and they resided with her.  She recently completed inpatient drug treatment and was given a treatment plan upon discharge, which included ongoing counseling.  She was currently participating in weekly, individual counseling, and her most recent session was January 13.  She was told that she would have employment at the TBIN factory in Princeton, Indiana, if she was sentenced to probation.  She had a 2016 felony conviction for the

unlawful purchase of methamphetamine precursor for which she received probation. She then violated probation in 2017 and was resentenced to a term of imprisonment. She also had two charges that occurred in 2020 (after the present case) in Vanderburgh County, Indiana, for forgery and possession of a controlled substance. She pled guilty and was sentenced to 18 months' probation, which she successfully completed.

¶ 8 After the defendant's testimony, the State offered no testimony in rebuttal but recommended the defendant be sentenced to six years' imprisonment. The State argued that the trial court should consider the following aggravating factors when imposing the sentence. The first aggravating factor was the defendant's prior history of criminal activity. The State noted that the defendant failed to successfully complete probation with regard to the unlawful purchase of methamphetamine precursor conviction and was resentenced to 18 months' imprisonment. The State also noted that she committed the offenses in Vanderburgh County after the charges here were filed. The second aggravating factor was that the sentence would be necessary to deter others from committing the same offense. The State argued that methamphetamine was a big problem in the county, and a substantial amount of the felony cases filed involved the use of methamphetamine, which was made possible by the individuals who were willing to distribute it. The State then acknowledged and commended the defendant's progress in addressing her substance abuse issues. However, the State argued that, based on the seriousness of the charge and the issue with methamphetamine in the county, the court should impose a sentence of six years' imprisonment.

¶ 9 In response, defense counsel argued that the defendant should receive a sentence of probation. In making this argument, counsel acknowledged that there was a methamphetamine problem in Lawrence County but argued that many users often became involved in the delivery of

methamphetamine to other users. Counsel noted that the defendant had taken significant steps to address her substance abuse issues; she completed residential treatment and, after discharge, began participating in individual counseling. Counsel argued that this was a good indication of what her efforts would be moving forward. Counsel also argued that the trial court should consider that the defendant was responsible for caring for her children as well as her father; her previous employment; and the fact that, if sentenced to probation, she would have gainful employment. Thus, counsel argued that the defendant demonstrated that probation was best for herself as well as for the community.

¶ 10    After hearing the testimony and counsels' arguments, the trial court sentenced the defendant to four years' imprisonment to be followed by one year of mandatory supervised release. In imposing this sentence, the court noted that it considered the defendant's testimony, the presentence investigation report, and counsels' arguments. The court noted that it considered that the defendant's criminal conduct neither caused or threatened serious physical harm to another as a mitigating factor.

¶ 11    In aggravation, the trial court considered that the defendant had a fairly substantial history of prior criminal activity, which included the 2016 methamphetamine precursor conviction; a prior conviction for driving under the influence of alcohol in 2014; a 2013 theft conviction in Knox County, Indiana; and a Class A misdemeanor theft conviction in 2012. The court also considered the Vanderburgh County offenses, which occurred in January 2020, after this case was filed.

¶ 12    The trial court further considered that the sentence may be necessary to deter others from committing the same crime. The court noted that methamphetamine delivery cases in Lawrence County were "very few" while there were many charges filed relating to possession. The court stated that it treated delivery cases in a different class than possession cases. The court then stated

4

that "doesn't mean that [rehabilitation] *** as far as addiction to methamphetamine is not a very good thing for people who are charged with delivery, but it isn't the whole story because obviously when you deliver [methamphetamine] to other people, other people are having their addictions fed." The court noted that a lot of the crimes committed in the county resulted from the use of methamphetamine as well as from the fact that the users must find money to pay for it. The court also noted that methamphetamine was a very serious issue that must be dealt with and had been the "scourge" of Lawrence County for close to 20 years.

¶ 13    The trial court then noted that the defendant had been previously placed on probation, but she failed to successfully complete that probation and was subsequently sentenced to imprisonment. Although the court noted that she had been much more compliant in this case, the court stated that she was faced with a much more substantial sentence here than in the other case.

¶ 14    On February 18, 2022, the defendant filed a *pro se* motion to withdraw her guilty plea. On April 20, 2022, the defendant's counsel filed an amended motion to withdraw the guilty plea, arguing that, when entering her guilty plea, the defendant expected to be sentenced to probation and that her sentence was excessive. Counsel also filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).

¶ 15    Also, on April 20, the trial court held a hearing on the amended motion to withdraw guilty plea. At the hearing, the defendant testified that, at the time that she entered into the guilty plea, her understanding was that she would be sentenced to probation if she went to substance abuse treatment. Following her testimony, the defendant's counsel argued that, at the time that the defendant entered her guilty plea, she did not realize what the ultimate outcome would be and that, in light of her history, the sentence was excessive. Counsel requested that the defendant's sentence be reduced to probation, or she be granted leave to withdraw the plea. In response, the State

contended that there was no agreement for probation made to the defendant, although she might have hoped for that outcome. After hearing the arguments, the trial court denied the amended motion to withdraw the plea. The defendant appeals her sentence as excessive.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, the defendant argues that the trial court abused its discretion by sentencing her to 4 years' imprisonment where she had a substantial history of employment as a certified nursing assistant for 17 years, was employed at the time of the offense, and had employment available if she was sentenced to probation; where she had two children living with her, and she cared for her dying father; and where she had undergone substance abuse treatment for the methamphetamine addiction that was the root of her criminal activity. Also, the defendant contends that her conduct did not cause or threaten serious harm; she had no criminal record until her problems with substance abuse began in 2012; before this conviction, she was convicted of less serious, nonviolent offenses; and her performance during her more recent probation showed her rehabilitative potential. Although the defendant's counsel requested probation at sentencing, in her appellate brief, the defendant requests that we reduce her sentence to the three-year minimum sentence of imprisonment.

¶ 18    When a defendant challenges a sentence, the standard of review is whether the trial court has abused its discretion in imposing the sentence. *People v. Davis*, 368 Ill. App. 3d 17, 23 (2006). A trial court has broad discretionary powers in determining a sentence, and its decisions are afforded great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). This level of deference is given because a trial court has superior opportunity to weigh such factors as defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Id*. Although a reviewing court has the power to reduce or alter a sentence, this power should be

6

exercised cautiously and sparingly. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Absent an abuse of discretion, a reviewing court will not disturb a sentence that falls within the prescribed statutory limits. *People v. Maldonado*, 240 Ill. App. 3d 470, 484 (1992). A sentence will be deemed excessive and the result of an abuse of discretion where it is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense. *Stacey*, 193 Ill. 2d at 210.

¶ 19    A proper sentence balances the seriousness of the offense with the objective of restoring a defendant's rehabilitative potential. Ill. Const. 1970, art. I, § 11. The Unified Code of Corrections sets out certain statutory factors in aggravation and mitigation that a trial court must consider when imposing a sentence of imprisonment. 730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2020). In fashioning the appropriate sentence, the court must carefully consider all of the factors in aggravation and mitigation, and other factors, such as defendant's age, demeanor, habits, credibility, criminal history, social environment, and education as well as the nature and circumstances of the crime and of defendant's conduct in the commission of the crime. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002). When such factors have been presented for the trial court's consideration, it is presumed, absent some contrary indication, that the factors have been considered. *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). A trial court has wide latitude in sentencing a defendant, as long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation. *Id*. at 157.

¶ 20    Here, the defendant pled guilty to delivery of less than five grams of methamphetamine, which was a Class 2 felony with a sentencing range of three to seven years' imprisonment. 720 ILCS 646/55(a)(1), (a)(2)(A) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020). In sentencing her to four years' imprisonment, the sentence was within the prescribed sentencing range and

7

below the State's recommendation (the State recommended a sentence of six years). Before announcing the sentence, the trial court was presented with the defendant's testimony about her employment history, being the caretaker for her dying father and having her two children living with her, and her completion of inpatient substance abuse treatment and having a treatment plan for her ongoing outpatient treatment. The court was also presented with evidence of her criminal history and argument concerning the fact that her conduct neither caused nor threatened serious physical harm to another. However, the presence of mitigating factors does not mandate the imposition of the minimum sentence. *Flores*, 404 Ill. App. 3d at 158. After considering this evidence in mitigation, the court imposed a sentence that was one year more than the minimum sentence.

¶ 21 In making this decision, the trial court noted that the most important convictions in the defendant's criminal history were the 2016 conviction for unlawful purchase of a methamphetamine precursor and the 2013 felony theft conviction. The court noted that the defendant also pled guilty to forgery and possession of a controlled substance, offenses that were committed close in time to the offense at issue here. Although the defendant had successfully completed probation in that case, she had previously violated probation with regard to the methamphetamine precursor conviction and was resentenced to 18 months' imprisonment. The court acknowledged that she had been more compliant in this case but noted that she faced a much more substantial sentence for this Class 2 felony.

¶ 22 The trial court also found significant the need for deterrence, noting that methamphetamine was a serious societal issue. The court acknowledged the defendant's substance abuse issues and her efforts at rehabilitation but noted that this was not the whole story because the defendant's criminal conduct was feeding others' addictions rather than just being a by-product of a substance

8

abuse issue that she suffered. Although the defendant's substance abuse issues can be considered as evidence in mitigation at sentencing, drug addiction is not a statutorily-mandated mitigating factor that must be considered. See *People v. Whealon*, 185 Ill. App. 3d 570, 573 (1989).

¶ 23 After carefully evaluating the mitigating factors, which included the defendant's rehabilitative potential, and the aggravating factors, which included the need for deterrence and the seriousness of the offense, the trial court imposed a sentence that was one year above the minimum. The court was not required to afford greater weight to the defendant's rehabilitative potential or other mitigating factors than the seriousness of the offense. See *People v. Pippen*, 324 Ill. App. 3d 649, 652 (2001). Also, when reviewing a sentence imposed by the trial court, this court is not to reweigh the factors considered by the trial court. See *Flores*, 404 Ill. App. 3d at 158. Thus, the defendant's contention that the trial court failed to give proper weight to the mitigating factors is without merit, and we do not find that the court abused its discretion in this regard.

¶ 24 III. CONCLUSION

¶ 25 For the foregoing reasons, we affirm the judgment of the circuit court of Lawrence County.

¶ 26 Affirmed.