THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID MITCHELL, Defendant-Appellant.

Third District No. 3—89—0752

Opinion filed May 23, 1991.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, David Mitchell, appeals his eight-year sentence for aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a)).

At trial, Officer Greg Piazza testified the defendant had lived with Piazza's sister, Deanna, until about a year before the offense. On April 14, 1989, Deanna married another man. After Piazza attended the wedding reception, he, his fiancee, and another woman went to a tavern. Around midnight they left the tavern to go to Baxter's Bar and Grill.

As they walked toward Baxter's, Piazza saw the defendant standing across the street. The defendant crossed the street and said, "Give Deanna my best." Piazza and his companions said nothing. When they arrived at Baxter's and learned there was a cover charge, they decided not to go inside. As they walked away, the defendant yelled, "Hey, pussy." After Piazza made an obscene gesture, the defendant ran in front of him and began taunting him. Piazza called the defendant a lowlife and said he was not going to fight.

The defendant turned his back as if he were about to leave and put his hand in his pocket. He then spun around and punched Piazza in the left eye, causing him to fall to the ground. Piazza, though dazed and bleeding, was able to walk to the police station. His two companions then took him to the emergency room for treatment. As a result of his injury, he missed six weeks of work.

On cross-examination, Piazza admitted he had drunk about eight beers in the four hours prior to the offense. However, he denied he was intoxicated.

Piazza's two companions then testified. Their testimonies generally corroborated Piazza's testimony. They also testified that after

the defendant punched Piazza, an object fell on the ground. The defendant retrieved it and ran away.

Dennis Mathis testified he saw the defendant and the victim arguing in the street. The defendant then punched Piazza. He did not see Piazza strike the defendant before the punch was thrown.

Robert Hinson testified he and the defendant had been drinking on the night of the incident. After they went to two taverns, they decided to go to Baxter's. As they approached the bar, they saw Piazza with two women. The defendant told Piazza to give Deanna his best, but Piazza uttered an obscenity. A short while later, Piazza made an obscene gesture toward the defendant. The two then began arguing. Eventually, after Piazza pushed the defendant, the defendant hit him. He did not have anything in his hand when he threw the punch.

Doctor Thomas Kron, a plastic surgeon, testified he treated Piazza's injuries. Piazza had great pain when he tried to open his mouth as well as numbness in his face. Dr. Kron found Piazza's left cheekbone was broken in at least three places. Additionally, the nerves were damaged by the bones being out of place. He performed reconstructive surgery by making three incisions and wiring the bones into position. During the surgery, he found a crack in the eye socket which required repair with a plastic material. The wire and plastic inserts are permanent. Piazza was out of work and in pain for six weeks following the incident.

The jury found the defendant guilty of aggravated battery. The cause then proceeded to sentencing. According to the presentence report, the 26-year-old defendant had two previous convictions for burglary, one conviction for battery, and one conviction for theft. He was on probation when he committed the instant offense. At the time of sentencing, he faced a pending charge for driving while his license was revoked.

The report further indicated the defendant was skilled in carpentry and welding. Additionally, while serving a jail sentence, he had obtained a GED certificate.

The defendant's attorney stated that prior to the offense, the defendant had been employed at a salary of $350 a week. Although the defendant had lost his job as a result of the offense, he could return when his case was resolved. In his statement of allocution, the defendant admitted he had been wrong in punching Piazza.

The court found that because of the defendant's prior record, he was eligible for an extended term of up to 10 years' imprisonment.

(Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(5).) It then imposed an eight-year term of imprisonment.

The defendant argues on appeal that the court abused its discretion in imposing the sentence. He contends the court failed to consider the fact he was intoxicated and in a heated argument when he committed the offense. He also claims the court failed to give proper weight to his rehabilitative potential.

■■ ■ We begin by noting that a proper sentence is based on many factors, including the circumstances of the offense. (*People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.) In considering those circumstances, the court may consider the degree of harm caused by the defendant, even where bodily harm is arguably implicit in the crime. (*Saldivar*, 113 Ill. 2d at 269, 497 N.E.2d at 1143.) The defendant's prior criminal history is also relevant. (*People v. Sowinski* (1986), 148 Ill. App. 3d 231, 498 N.E.2d 650.) Since the trial court is in a better position to weigh the sentencing factors, we will not reverse its determination unless it clearly abused its discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

■■ The trial court's decision was supported by evidence that the defendant was the aggressor in the offense and by the serious harm he caused the victim. We also find strong support for the sentence in the defendant's previous criminal history and the fact he was on probation when the crime occurred. Although there was also mitigating evidence, we find after viewing the record as a whole that the court's determination was not an abuse of discretion. We therefore affirm the eight-year sentence.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HAASE and BARRY, JJ., concur.