THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STERLING FLANERY, Defendant-Appellant.

Third District    No. 3—92—0754

Opinion filed April 19, 1993.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

760

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Sterling Flanery, appeals his conviction for armed robbery. The sole issue on appeal is whether his sentence was an abuse of discretion. We find no abuse of discretion. Therefore, we affirm.

The evidence at trial established that on October 22, 1990, Flanery robbed a gas station. The facts of his trial were stated in *People v. Flanery* (1992), 229 Ill. App. 3d 497, 594 N.E.2d 401, and we incorporate them by reference into this opinion.

The presentence report indicated Flanery was 56 years old at the time of the offense. He had been employed by Anchor Glass in Streator for 34 years. During that time, he helped raise seven children. He had prior convictions for suspended license and speeding in 1968, for criminal damage to property in 1971, and for driving while license revoked and driving under the influence in 1990. At the time Flanery committed the instant offense, he was on probation. Also, testimony was presented at the sentencing hearing which indicated Flanery committed a burglary about two weeks after the instant offense.

Additionally, the presentence report indicated Flanery has a drinking problem. During his trial, several witnesses testified Flanery was drinking near the time of the offense.

The trial judge sentenced Flanery to 12 years' imprisonment. On appeal, we found the trial judge had improperly considered a sentencing factor that was implicit in the crime and remanded for resentencing. *People v. Flanery* (1992), 229 Ill. App. 3d 497, 594 N.E.2d 401.

Upon remand, Flanery testified he had a job in the "carpenter maintaining shop" at the Galesburg Correctional Center. Flanery said he had outside clearance, meaning that he worked outside the prison. Flanery still maintained he was innocent of the crime.

The trial judge expressed displeasure that Flanery continued to deny his commission of the offense. The judge also stated he had placed no weight on the improper sentencing factor. Accordingly, the judge resentenced Flanery to 12 years' imprisonment.

On appeal, Flanery argues his sentence was an abuse of discretion. In support of his argument, Flanery claims the judge failed to

give adequate weight to the circumstances of the crime, his age, his employment record, his criminal history, and his behavior in prison. Flanery also contends the judge erred in considering his denial of the offense to be an aggravating factor.

Sentencing is a matter of judicial discretion, and, absent an abuse of discretion, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Among the factors a trial judge may consider when imposing sentence are a defendant's prior criminal history and the fact he was on probation when he committed the instant offense. (*People v. Mitchell* (1991), 213 Ill. App. 3d 1078, 572 N.E.2d 1229.) A judge may also consider a defendant's history of alcoholism as evidence his conduct is likely to recur. *People v. Scott* (1992), 225 Ill. App. 3d 938, 588 N.E.2d 343.

We begin our analysis by noting the trial judge did *not* err in imposing the same sentence on remand. As we noted in *People v. Morton* (1981), 102 Ill. App. 3d 280, 430 N.E.2d 383, when a sentence is vacated on appeal and the cause is remanded for a new sentencing hearing, that action should not be construed as a mandate to the trial judge to impose a lesser sentence on remand. On remand for resentencing, the trial judge should simply reconsider the matter without relying upon the factor we initially found to be improper. If, as here, the trial judge states that he did not place any weight on the improper factor, then he is free to reimpose the same sentence.

Here, the instant sentence was well supported by the proper sentencing factors. Flanery had a number of prior convictions, and the trial judge correctly observed that his criminal history had escalated to more serious crimes. Flanery's drinking problem was also evidence his conduct might recur, particularly since he committed the instant offense after abusing alcohol. Finally, we note the trial judge properly disapproved of Flanery's claim of innocence in the face of strong evidence to the contrary. We have previously found such testimony may be considered as evidence that a defendant is less likely to be rehabilitated. *People v. Anderson* (1992), 225 Ill. App. 3d 636, 587 N.E.2d 1050.

For the reasons indicated, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

SLATER and LYTTON, JJ., concur.