THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SALVADOR CHAVA RAYA, JR., Defendant-Appellant.

Third District    No. 3—94—0133

Opinion filed December 9, 1994.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Salvador Raya, appeals from his sentence of seven years' imprisonment, which was imposed following remand. In Raya's prior appeal, his conviction of unlawful possession of a substance containing cocaine with intent to deliver (Ill. Rev. Stat. 1991, ch. 56$\frac{1}{2}$, par. 1401(a)(2)(A)) was reduced to a conviction of unlawful possession of a substance containing cocaine (Ill. Rev. Stat. 1991, ch. 56$\frac{1}{2}$, par. 1402(a)(2)(A)). (*People v. Raya* (1993), 250 Ill. App. 3d 795, 621 N.E.2d 222.) The case was remanded for resentencing. On remand, the trial court sentenced the defendant to seven years' imprisonment, which was the same sentence previously imposed.

The sole issue raised by Raya on appeal is whether the trial court abused its discretion in imposing the same sentence on remand. Following our careful review of the record, we conclude that the trial court did not abuse its discretion. Accordingly, we affirm the defendant's sentence.

## BACKGROUND

Police officers executing a search warrant found 25.8 grams of cocaine in the laundry room of Mathias Pizano's residence. Raya's identification (ID) card was found near two "lines" of the cocaine. Raya was at the residence during the search. He fled out the back door of the residence. Raya was chased by police officers and arrested.

Fernando Castillo testified at Raya's trial that he brought the cocaine to a party at Pizano's residence. There was testimony presented that Raya asked Castillo to bring the cocaine to the party and Raya's ID card was used to cut "lines" of cocaine. Based upon this evidence, Raya was convicted of unlawful possession of a substance containing cocaine with intent to deliver.

On appeal from that conviction, this court concluded the evidence was not sufficient to prove that Raya had the specific intent to cause Castillo to bring drugs to the party for the purpose of delivering them to others. We stated, "[o]ne who solicits narcotics for his own personal use should not be held accountable for the distributor's intent to deliver." (*Raya*, 250 Ill. App. 3d at 801, 621 N.E.2d at 226.) This court reduced Raya's conviction to unlawful possession of a substance containing cocaine (*Raya*, 250 Ill. App. 3d at 801, 621 N.E.2d at 226-27) and remanded for resentencing (*Raya*, 250 Ill. App. 3d at 803, 621 N.E.2d at 228).

The offense Raya was originally convicted of committing was a Class X felony with a permissible sentencing range of 6 to 30 years' imprisonment (Ill. Rev. Stat. 1991, ch. 56½, par. 1401(a)(2)(A)). Following Raya's successful appeal, his conviction was reduced to a Class 1 felony with a permissible sentencing range of 4 to 15 years' imprisonment (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)(A)).

A resentencing hearing was held on February 6, 1994. Three witnesses testified on Raya's behalf, including his fiancee. Raya's fiancee testified they had a serious relationship and planned to get married. She said she is a positive influence on Raya. Raya testified and said he had received his GED since he was incarcerated. Raya had also enrolled in vocational school and had no violations while in prison. Raya continued to claim his innocence and said he was "not guilty of this offense whatsoever."

The presentence investigation report showed that Raya was 27

years old on the date of resentencing. As a juvenile, Raya was found guilty of battery. As an adult, he had been convicted of retail theft, possession of cannabis and two counts of burglary. He was sentenced to a term of three years' imprisonment for the burglary convictions. Raya also had two convictions of disorderly conduct and numerous traffic offenses, including one DUI.

The State argued a seven-year sentence was appropriate based on Raya's prior felony record, his failure to be rehabilitated in prison, and his continuous record of criminal offenses during his lifetime. Defense counsel argued that a lesser sentence should be imposed because Raya's conviction had been reduced from a Class X felony to a Class 1 felony. Defense counsel also remarked that Raya had been a model prisoner and was making efforts to improve himself. Finally, Raya's counsel pointed out that Castillo, the more culpable party, had received a sentence of only six years' imprisonment. Based on these factors, Raya's attorney requested a minimum sentence of four years' imprisonment.

The trial judge responded by saying that he did not believe Raya's claim of innocence. The judge said that he believed Raya was lying and lacked rehabilitative potential. The judge acknowledged Raya's good conduct in prison, but placed heavy emphasis on Raya's history of criminal convictions. Upon reflection, the trial judge stated, "I think my original sentence of seven [years] regardless of whether it's a Class 1 or a Class X was the appropriate sentence." Thereafter, Raya filed a timely notice of appeal.

## ISSUE

On appeal, Raya argues that his seven-year sentence is excessive and we should reduce his sentence to a term of five years' imprisonment.

## STANDARD FOR REVIEWING SENTENCE

A trial court's sentencing determination is entitled to great deference. (*People v. Illgen* (1991), 145 Ill. 2d 353, 379, 583 N.E.2d 515, 526.) This is because the trial court is in a far better position than a reviewing court to consider the defendant's credibility, demeanor and moral character in fashioning an appropriate sentence. (*People v. Rayburn* (1994), 258 Ill. App. 3d 331, 334, 630 N.E.2d 533, 536.) As a result, a sentence may *not* be altered on review absent a showing that the punishment imposed constituted an abuse of discretion. (*Illgen*, 145 Ill. 2d at 379, 583 N.E.2d at 526; *People v. Feltes* (1994), 258 Ill. App. 3d 314, 316, 629 N.E.2d 1172, 1175.) Accordingly, a reviewing court will *not* reduce a sentence "unless it clearly appears the

punishment is a departure from fundamental law, its spirit and purpose, or that the penalty is not proportionate to the nature of the offense." *People v. Patton* (1993), 249 Ill. App. 3d 844, 851, 619 N.E.2d 1377, 1382.

■ Here, the permissible sentencing range for the defendant's conviction of a Class 1 felony was 4 to 15 years' imprisonment. Based on the seriousness of the defendant's offense and his prior criminal history, we conclude that a lower range sentence of seven years' imprisonment was not an abuse of the trial court's discretion.

## SENTENCING FOLLOWING REMAND

Raya nevertheless contends the seven-year sentence is not appropriate because it was the same sentence previously imposed for the Class X felony. Raya contends the trial court should have imposed a lesser sentence on remand. We do not agree.

■ We begin our analysis by noting that it was *not* error for the trial court to impose the same sentence on remand. (*People v. Flanery* (1993), 243 Ill. App. 3d 759, 761, 612 N.E.2d 903, 904.) The Uniform Code of Corrections (Code) does include a prohibition against imposing a more severe sentence on remand after a sentence has been set aside, except under very limited circumstances. (730 ILCS 5/5—5—4 (West 1992).) However, nothing in the Code mandates a lower sentence on remand. As we recently noted in *Flanery*, "when a sentence is vacated on appeal and the cause is remanded for a new sentencing hearing, that action should not be construed as a mandate to the trial judge to impose a lesser sentence on remand." (*Flanery*, 243 Ill. App. 3d at 761, 612 N.E.2d at 904.) This is true even when the case is remanded for resentencing after a conviction of a more serious crime is vacated. See *People v. Moore* (1987), 159 Ill. App. 3d 1070, 1074-75, 513 N.E.2d 87, 90-91.

Additionally, we do not agree with Raya's contention that the trial judge demonstrated animosity toward our decision in Raya's first appeal. At the end of the resentencing hearing, the prosecutor said that Raya needed to file a motion to reconsider his sentence prior to filing a notice of appeal. In response, the trial judge correctly informed the prosecutor that a motion to reconsider was not necessary. The judge then made the following comment which Raya claims was improper. The judge said, "[h]ow many times am I going to reconsider this?" Taken in proper context, it is clearly apparent that the trial judge was merely recognizing that two lengthy sentencing hearings had already been held and there was no need for further reconsideration before Raya filed his notice of appeal.

## DISPARATE SENTENCES

Raya next notes that Castillo was convicted of unlawful possession of a substance containing cocaine with intent to deliver, a Class X felony. As a consequence, Raya argues that his sentence is disproportionate because Castillo received a lesser sentence of six years' imprisonment. Again, we do not agree with Raya's arguments.

It is true that similarly situated defendants should not receive grossly disparate sentences. (*People v. Merritte* (1993), 242 Ill. App. 3d 485, 495, 611 N.E.2d 24, 31.) However, defendants are not similarly situated if there is a difference in the nature and extent of their participation in the crime *or* a difference in their rehabilitative potential. *People v. Coleman* (1990), 201 Ill. App. 3d 803, 809, 559 N.E.2d 243, 247; see also *People v. Denton* (1993), 256 Ill. App. 3d 403, 412, 628 N.E.2d 900, 906.

Rehabilitative potential may be shown by a defendant's criminal record (*Coleman*, 201 Ill. App. 3d at 809, 559 N.E.2d at 247), including a prior prison sentence (*Merritte*, 242 Ill. App. 3d at 495, 611 N.E.2d at 31). Further, a defendant's persistence in protesting his innocence may be weighed against him in determining his rehabilitative potential. (*People v. Ralon* (1991), 211 Ill. App. 3d 927, 960-61, 570 N.E.2d 742, 765.) Also, a defendant's greater relative maturity may also be considered in determining whether defendants are similarly situated. See *People v. Brown* (1993), 249 Ill. App. 3d 986, 993, 620 N.E.2d 1090, 1096; *People v. Morris* (1992), 229 Ill. App. 3d 144, 172-73, 593 N.E.2d 932, 951.

Here, Castillo had fewer prior convictions than the defendant. Castillo's most serious prior conviction was for possession of cannabis. Moreover, Castillo had never been sentenced to a term of imprisonment. Also, Castillo was only 21 years old at the time of his sentencing.

By contrast, Raya was 27 years old at the time of his resentencing. Raya had a more serious history of criminal offenses. Also, Raya had previously served a prison sentence and still returned to a life of crime. In addition, the trial court could properly consider that Raya refused to accept responsibility for his participation in the crime and persisted in claiming innocence. Based on these circumstances, we conclude that Raya and Castillo are not similarly situated with regard to their rehabilitative potential.

We additionally note that it is well settled that, "when a codefendant receives a lighter sentence pursuant to a plea agreement, that sentence is no basis for a comparison." (*People v. Michaels* (1992), 233 Ill. App. 3d 911, 916, 599 N.E.2d 1, 4.) At Castillo's sentencing hearing, the State agreed to recommend a sentence of six years' imprisonment. The trial court immediately accepted the State's rec-

ommendation and sentenced Castillo accordingly. Consequently, the trial court which sentenced Castillo did not make an independent determination of an appropriate sentence or exercise its discretion in imposing sentence. The court in Castillo's case merely accepted the State's recommendation.

Moreover, Castillo's sentence cannot be compared to Raya's because Castillo and Raya are not similarly situated with regard to their rehabilitative potential and because Castillo's sentence was imposed pursuant to an agreement. Accordingly, we find the trial court did not abuse its discretion when it sentenced Raya to a seven-year term of imprisonment.

## CONCLUSION

For the reasons indicated, we conclude that Raya's sentence was not an abuse of discretion. Accordingly, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

SLATER, P.J., and STOUDER, J., concur.