NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220383-U

NO. 4-22-0383

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 9, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| DWAYNE B. HOLLINS, | ) | No. 17CF213 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding (1) defendant was not entitled to elect which statute to be sentenced under because changes to the relevant statute were substantive changes and, therefore, not retroactive and (2) the trial court did not abuse its discretion in reimposing the same 12-year sentence on remand.

¶ 2    Following a December 2018 trial, the jury found defendant, Dwayne B. Hollins, guilty of unlawful delivery of a controlled substance (less than one gram of a substance containing heroin) within 1000 feet of Washington-Monroe Elementary School (720 ILCS 570/407(b)(2) (West 2016)), a Class 1 felony. After determining defendant to be eligible for Class X sentencing, the trial court sentenced him to 12 years in the Illinois Department of Corrections (DOC).

¶ 3        Defendant appealed, and we affirmed his conviction; however, we vacated his

sentence and remanded for resentencing, finding the trial court improperly considered a void

conviction when it determined he was eligible for Class X sentencing. *People v. Hollins*, 2021 IL

App (4th) 190145-U, ¶ 1. On remand, the trial court imposed the same 12-year sentence.

Defendant now appeals, raising two arguments: (1) the "sentencing hearing violated

[defendant's] right to due process because he was denied his choice to be sentenced under the

delivery of a controlled substance law in effect at the time of the sentencing" and (2) "the trial

court abused its discretion in resentencing [defendant] to the same 12-year prison term." We

disagree and affirm.

¶ 4                                I. BACKGROUND

¶ 5        On December 11, 2017, a grand jury returned two bills of indictment charging

defendant with unlawful delivery of a controlled substance within 1000 feet of real property

comprising a school (less than one gram of a substance containing heroin) (720 ILCS 570/401(d)

(West 2016); 720 ILCS 570/407(b)(2) (West 2016)), a Class 1 felony (count I), and unlawful

delivery of a controlled substance (less than one gram of a substance containing heroin) (720

ILCS 570/401(d) (West 2016)), a Class 2 felony (count II). The indictment alleged defendant

committed the offenses on October 26, 2017, though defendant was not arrested until May 2018.

The State moved to dismiss count II shortly before trial, which the trial court allowed. The jury

returned a guilty verdict as to count I on December 19, 2018.

¶ 6        On January 8, 2019, defendant filed a motion for a new trial, alleging several

grounds for relief, including the following:

            "On January 1, 2018, the legislature changed the law for the offense of Unlawful

            Delivery of a Controlled Substance in reference to Real Property Comprising a

School. Specifically, the statute now states that it is unlawful to deliver a controlled substance within 500 feet of real property comprising a school rather than 1,000 feet and also adds an additional element that school must be in session. Consequently, at the time of Defendant's trial, the offense for which he was charged, was not a crime as of January 1, 2018."

Defendant's argument stemmed from changes the Safe Neighborhoods Reform Act (SNRA) made to the very statute defining and governing defendant's offense. See Pub. Act 100-3 (eff. Jan. 1, 2018) (amending 720 ILCS 570/407 *et seq.* (West 2018)). Specifically, effective January 1, 2018, the SNRA reduced the distance element relative to a protected area like school property from within 1000 feet to within 500 feet for purposes of manufacture or delivery of a controlled substance under section 407 of the Illinois Controlled Substances Act (720 ILCS 570/407 *et seq.* (West 2018)).

¶ 7        The trial court considered defendant's motion in a February 27, 2019, hearing. Repeating the argument from the written motion, defense counsel asked the court to vacate defendant's conviction. The State countered by arguing the changes in section 407 of the Illinois Controlled Substances Act amended "an element of the crime" and did not amend the sentencing guidelines. The court eventually denied the motion, finding:

"As to the change in the statute, there was a substantial change in the law regarding this specific statute and the delivery of controlled substances near property that is real property comprising a school lowering the distance ***, but these amendments to that statute were in January of 2018. The offenses themselves are alleged to have occurred in October of 2017, and the law at the

- 3 -

time that the offenses were found to have been occurring, the law at the time did allow for that offense[.]"

The court went on to sentence defendant to 12 years in DOC. On appeal, defendant challenged his conviction and sentence. We affirmed the conviction but remanded the matter for resentencing, holding the trial court errantly relied on a void conviction in finding defendant eligible for mandatory Class X sentencing. *Hollins*, 2021 IL App (4th) 190145-U, ¶¶ 51-53.

¶ 8            Defendant appeared before the trial court for resentencing on March 4, 2022. The court first confirmed the parties received the updated presentence investigation report (PSI). The court next asked about changes, corrections, or additions to the PSI. The State asked the court to strike from the criminal history section defendant's void conviction for aggravated unlawful use of a weapon, which had been the subject of defendant's prior appeal. The court noted it would not consider that conviction. Defense counsel made no additions or corrections to the PSI. Neither party presented any evidence in aggravation or mitigation. The State asked the court to sentence defendant to 12 years in DOC, arguing the prior sentence was still appropriate for the Class 1 felony given defendant's criminal history, the need to protect the public from drugs, and the need for deterrence. The State argued the court should consider all the facts of this case, including "the tickets *** [defendant] received in the [DOC]." Defense counsel argued for a 7- to 8-year sentence, emphasizing defendant's prior 12-year sentence was excessive because defendant's more culpable cohort received only a 5-year sentence. Defense counsel also noted how removing the void conviction from the PSI "reduces [defendant's] criminal history," thereby warranting a lesser sentence.

¶ 9            The trial court found one statutory mitigating factor applied to defendant—the impact of incarceration on his family. By contrast, the trial court identified several statutory

factors applied in aggravation. It noted "the activity of the defendant does have the potential for harm, distributing drugs, specifically heroin, in the community." The court next referenced "defendant's prior criminal record, he for a long period of time, has not led a law-abiding life." The court noted defendant committed the instant offense while on parole. The court further noted defendant "actually had a hard time while in the [DOC] to conform his activities while he's been incarcerated." Considering all these factors, the need for deterrence, and the sentencing range of 4 to 15 years, the court reimposed a 12-year sentence to DOC followed by 1 year of mandatory supervised release.

¶ 10 Without prompting, defendant asked the trial court, "How can I be sentenced under the Class 1 when that statute doesn't even apply to me. That was 1,000 feet. I was arrested well after the law for that crime had changed." The court answered, "Well, they're looking at it from the standpoint of the time that the offense occurred, and at the time the offense occurred you were within 1,000 feet of ***Washington[-]Monroe School[.]" The court went on to explain to defendant, it is "not from the time you were arrested, *** but from the time the offense occurred. That's when they look at the distance to the school."

¶ 11 A week later, defendant filed a motion to reconsider his sentence, arguing the 12-year sentence proved excessive. Defendant's motion specifically alleged the trial court failed to consider all of the statutory factors in mitigation and then failed to provide reasons for the sentence. The court denied the motion, noting it had considered the statutory factors in both mitigation and aggravation and had previously expressed the reasons for the sentence.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14            Defendant raises two arguments on appeal. First, he contends the trial court "violated his right to due process" by denying him the "choice to be sentenced under the delivery of a controlled substance law in effect at the time of the sentencing." Specifically, defendant argues the 2018 amendment to section 407(b)(2), changing the distance element from within 1000 feet from a school to within 500 feet, did not amount to a substantive change; it "only affected sentence mitigation," and, therefore, the Statute on Statutes (5 ILCS 70/4 (West 2016)) afforded him the option of choosing to be sentenced under either the pre- or post-2018 statute. Second, defendant argues the court abused its discretion in imposing the same 12-year sentence on remand. He contends the court considered inappropriate aggravating factors and the 12-year sentence was excessive. The State counters by claiming defendant was not entitled to elect to be sentenced under the amended version of section 407(b)(2) and the court did not abuse its discretion in imposing the same 12-year sentence. As we explain below, we agree with the State.

¶ 15                        A. No Retroactive Application for Section 407

¶ 16            Defendant first argues he had a due process right to elect to be sentenced under the 2018 version of section 407 of the Illinois Controlled Substances Act when he was resentenced in March 2022, not the 2016 version, and the trial court erred in not affording him that right. See *People v. Hollins*, 51 Ill. 2d 68, 71, 280 N.E.2d 710, 712 (1972). Though couched in due process terms, defendant's argument is governed by section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)). In simplest terms, we do not reach defendant's claimed due process right to elect which statute to be sentenced under unless the new statute can be applied retroactively, and the new statute can only be applied retroactively in certain circumstances. See 5 ILCS 70/4 (West 2016). Defendant's argument, though it seems straightforward enough, involves matters of statutory construction, questions of retroactivity, and substantive versus

- 6 -

procedural statutory changes. These are legal questions we review *de novo*. *People v. Hunter*, 2017 IL 121306, ¶ 15, 104 N.E.3d 358 (stating that whether statutory amendments apply retroactively to a criminal defendant's case presents an issue of statutory construction we review *de novo*).

¶ 17        Section 4 of the Statute on Statutes provides:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." 5 ILCS 70/4 (West 2016).

On the whole, section 4 acts as a "general savings clause" (*People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 20, 72 N.E.3d 346), preserving rights or penalties that previously accrued to any party under a repealed or amended statute concerning " 'any offense committed against the former law.' " *People v. Bilderback*, 9 Ill. 2d 175, 180, 137 N.E.2d 389, 392 (1956) (quoting

*Mullinix v. People*, 76 Ill. 211, 214 (1875)). Our supreme court, more recently, observed: "Section 4 starts with a prohibition on construing a new statute to affect penalties, punishments, or rights accrued," meaning, in practical terms, it "forbids retroactive application of substantive changes to statutes." *People v. Glisson*, 202 Ill. 2d 499, 506-07, 782 N.E.2d 251, 256 (2002). In the criminal context, rights or penalties accrue when the offense is committed. Parsing section 4's structure even more closely, our supreme court later explained "the first and third sentences of section 4 of the Statute on Statues forbids the retroactive application of substantive changes to statutes." *People v. Gancarz*, 228 Ill. 2d 312, 319, 888 N.E.2d 48, 51-52 (2008). Consequently, in any case, even a criminal prosecution, only procedural changes to a statute can be applied retroactively. See *Glisson*, 202 Ill. 2d at 506-07.

¶ 18        Defendant's argument relies on section 4's second sentence, which states: "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provisions may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2016). However, this sentence does not negate section 4's first and third sentences, nor the interpretation or application Illinois courts have given them. Determining whether a new statute alters an offense's substance is still key. "Thus, where the newly enacted statute changes the substance of an existing law, rather than merely mitigating the punishment, a defendant cannot take advantage of the mitigation of the punishment in the new law." *Gancarz*, 228 Ill. 2d at 319. We must, then, determine if the change in the 2018 statute constituted a substantive change or whether it merely mitigated the sentence for manufacture or delivery of a controlled substance.

¶ 19        Turning to the SNRA (Pub. Act 100-3 (eff. Jan. 1, 2018) (amending 720 ILCS 570/407 *et seq*. (West 2018))), we see it made substantial changes to section 407 of the Illinois

- 8 -

Controlled Substances Act. Effective January 1, 2018, the definition of the offense of delivery of a controlled substance near school property reduced the distance element from within 1000 feet to "within 500 feet of the real property comprising any school ***." 720 ILCS 570/407(b) (West 2018). Though not relevant to this particular case, the SNRA also added the requirement that the offense occur during school hours or a time when persons under 18 would be reasonably expected to be present. (The irony of the Safe Neighborhoods Reform Act permitting drug dealers to get closer to schools, particularly when children are present, is not lost on us.) Defendant argues these are not substantive changes, but "only affected sentence mitigation." The undisputed evidence at defendant's December 2018 trial established defendant delivered less than one gram of heroin at a distance greater than 500 feet from Washington-Monroe Elementary School property (either 555 or 560 feet depending upon the path taken). Defendant reasons, therefore, he did not commit a Class 1 felony under section 407 of the Illinois Controlled Substances Act. He concedes he committed an offense under section 401(d) of the Act (720 ILCS 570/401(d) (West 2018)), a Class 2 felony, delivery of less than one gram of heroin without the distance requirements found in section 407. Accordingly, defendant believes he should have been able to elect to be sentenced as a Class 2 felon rather than a Class 1 felon on remand at the resentencing hearing.

¶ 20        Defendant likens his case to *People v. Jackson*, 99 Ill. 2d 476, 459 N.E.2d 1362 (1984), and argues for a similar result. There, Jackson "was indicted for theft under section 16-1 of the Criminal Code of 1961 [citation] for shoplifting clothing valued at $251.98." *Jackson*, 99 Ill. 2d at 477. At the time of the offense, section 16-1(e) of the Criminal Code outlined sentences for theft: "Theft of property *** not exceeding $150 in value [was] a Class A misdemeanor" while "[t]heft of property *** exceeding $150 [was] a Class 3 felony." *Jackson*, 99 Ill. 2d at 477

(quoting Ill. Rev. Stat. 1979, ch. 38, par. 16-1(e)). Before trial, within the theft statute "sections 16-1(e)(1) and 16-1(e)(3) were amended, increasing the $150 amounts to $300." *Jackson*, 99 Ill. 2d at 477. Jackson moved "to have the allegation that she stole property worth more than $150 stricken from the indictment, and for admonition as to the sentencing alternatives under the statute as amended." *Jackson*, 99 Ill. 2d at 477. The trial court denied the motion, and Jackson was eventually convicted of felony theft and sentenced accordingly. On appeal, Jackson argued section 4 of the Statute on Statutes "requires that she be given the option of sentencing according to the new provision, under which she claim[ed] to be guilty only of a Class A misdemeanor rather than a Class 3 felony." *Jackson*, 99 Ill. 2d at 478. Our supreme court agreed with Jackson. It found "[s]ection 16-1 define[d] only one offense of theft," and the "[v]alue of property taken is mentioned only in subsection (e), titled 'sentence,' which applies to all the variations" of theft in section 16-1. *Jackson*, 99 Ill. 2d at 479. The court went on to explain: "Value determines only whether the theft will be punished as a felony or a misdemeanor. Value has nothing to do with the decision whether a theft has occurred." *Jackson*, 99 Ill. 2d at 479. The court rejected the State's argument that the value of property taken amounted to a substantive element defining " 'felony theft' and 'misdemeanor theft' as separate offenses defined by the value of the property stolen." *Jackson*, 99 Ill. 2d at 478. It noted Jackson could still have been convicted of theft, no matter the value stolen. *Jackson*, 99 Ill. 2d at 480-81. The *Jackson* court held the amendment to section 16-1(e) "affect[ed] sentencing only" and could be applied retroactively pursuant to section 4 of the Statute on Statutes. *Jackson*, 99 Ill. 2d at 480. The court remanded the matter for sentencing, where the defendant could elect to be sentenced under the amended statute. *Jackson*, 99 Ill. 2d at 481.

¶ 21        Defendant urges us to follow *Jackson* here. However, the distance element in section 407 does not operate like the value element in subsection 16-1(e). Unlike section 16-1, section 407 does not list one offense with several variations and then provide a sentencing subsection where offense classifications are determined by distance to a protected area. *Jackson* would be directly on point and dispositive if section 407, as a self-contained statute, defined the offense of manufacture or delivery or possession with intent to deliver a controlled substance near a protected area, like a school, where the seriousness of the offense (felony or misdemeanor classifications) and the sentence depended upon the distance element. For example, delivering a controlled substance within 500 feet is a Class 1 felony, but between 500 and 1000 feet is a Class 2 felony, and anything over 1000 feet is a Class 3 felony. Had this been the case, then we see how *Jackson* could control. But not so here. The change to section 407's distance requirement lowered the distance from within 1000 feet to within 500 feet across the board—for every section 407 offense. So whereas in *Jackson* the "[v]alue determine[d] only whether the theft will be punished as a felony or as a misdemeanor," here the distance element determines whether an offense under section 407 occurred at all. *Jackson*, 99 Ill. 2d at 479.

¶ 22        Furthermore, the classifications and the penalties stayed the same for the same conduct in each offense defined in section 407. There is no sentence mitigation here. There is no different sentence for defendant to elect here. The sentences for a violation of section 407(b)(2), which the jury found here, remain the same. There is only a different offense—delivery of a controlled substance under section 401(d) versus delivery of a controlled substance within 500 feet of a school. Section 4 of the Statute on Statutes does not allow a defendant to elect a new offense, which is what defendant now seeks.

¶ 23        We find this case more akin to *People v. Gibson*, 41 Ill. App. 3d 209, 210, 354

N.E.2d 71, 72 (1976), where Gibson entered a fully negotiated guilty plea to involuntary

manslaughter, a Class 3 felony. During the pendency of the appeal, the law defining involuntary

manslaughter changed, and Gibson's particular crime was thenceforth exclusively considered

reckless homicide, a Class 4 felony. *Gibson*, 41 Ill. App. 3d at 210. Gibson argued that since "the

conduct for which he was indicted and convicted is now punishable by a lesser sentence than

under the prior law," he should be sentenced under the new law. *Gibson*, 41 Ill. App. 3d at 211.

The court rejected Gibson's argument, concluding the amendments amounted to substantive

changes. It observed: "The amendment to the Criminal Code provisions dealing with involuntary

manslaughter and reckless homicide changes the nature of the offense of involuntary

manslaughter (in some instances) but does not reduce the penalty for involuntary manslaughter."

*Gibson*, 41 Ill. App. 3d at 211. Under the old and new laws, the offense classifications remained

unchanged; involuntary manslaughter was a Class 3 felony and reckless homicide was a Class 4

felony. It just so happened that when Gibson committed his crime, the law defined it as

involuntary manslaughter. Had he done the same act after the law changed, he would have

committed reckless homicide. But Gibson could not later choose his offense. See *Gibson*, 41 Ill.

App. 3d at 211. After reviewing section 4 of the Statute on Statutes, this court held, "the benefits

of the amendment to the Criminal Code provisions regarding involuntary manslaughter and

reckless homicide are not applicable to [Gibson's] case." *Gibson*, 41 Ill. App. 3d at 212.

¶ 24        Like in *Gibson*, the statutory change here reducing the distance element in section

407 changed the nature of the offense and did not reduce the penalty. Changing the distance

requirement from within 1000 feet to within 500 feet of a protected area like school property

altered the substance of the offense. Defendant's argument acknowledges as much. On one hand,

defendant claims he committed an entirely different offense (delivery under section 401(d) rather than delivery under section 407(b)(2)), while on the other hand, he contends changing the distance element from within 1000 feet of school property to within 500 feet of school property merely mitigated the sentence. The dissonance is untenable.

¶ 25        Defendant labels the distance element in section 407 as "the sentencing enhancement[ ]." But calling the distance requirement a sentencing enhancement does not make it so. The levels of the offenses outlined in section 407 are not enhanced by the distance between the delivery of a controlled substance and the school. The levels of the offense vary depending upon the amount of the controlled substance. The classifications of the offenses, ranging from Class X to Class 2 felonies, are the same in the 2016 and the 2018 statutes. Consequently, the penalties and punishments remained the same under the 2016 and 2018 versions of the Illinois Controlled Substances Act and Uniformed Code of Corrections (730 ILCS 5/1 *et seq.* (West 2016)).

¶ 26        Accordingly, section 4 of the Statute on Statues does not allow for retroactive application of the 2018 version of section 407 in the Illinois Controlled Substances Act. Absent retroactivity, defendant had no option to choose which statute (either the 2016 or 2018 version) to be sentenced under at resentencing. Absent retroactivity, there is no due process right or violation. Because we find no error and no due process violation, we need not reach defendant's ineffective assistance of counsel or plain error arguments based on those grounds.

¶ 27                B. No Abuse of Discretion in Sentencing

¶ 28        Defendant finally argues the trial court abused its discretion in reimposing the same 12-year sentence. He contends the trial court considered inappropriate aggravating factors

(harm to society and DOC tickets) when imposing the sentence. He also maintains the 12-year sentence is excessive.

¶ 29    A trial court enjoys broad discretion in imposing a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448, 841 N.E.2d 889, 912 (2005). Absent an abuse of that discretion, this court will not disturb a sentence upon review. *People v. Hensley*, 354 Ill. App. 3d 224, 234, 819 N.E.2d 1274, 1284 (2004) (quoting *People v. Kennedy*, 336 Ill. App. 3d 425, 433, 782 N.E.2d 864, 871 (2002)). "This is the most deferential standard of review known to the law." *People v. Breeden*, 2016 IL App (4th) 121049-B, ¶ 46, 54 N.E.3d 916. A trial court abuses its discretion "where the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010) (quoting *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000)). Similarly, a court can abuse its discretion if its sentencing decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26, 82 N.E.3d 693. We pay "great deference" to a court's sentencing judgment " 'because the trial court is generally in a better position than the reviewing court to determine the appropriate sentence.' " *People v. Hestand*, 362 Ill. App. 3d 272, 281, 838 N.E.2d 318, 326 (2005) (quoting *Stacey*, 193 Ill. 2d at 209).

¶ 30    Likewise, when a sentence falls within the statutory range of possible sentences for a particular offense, we presume it is reasonable. *People v. Moore*, 41 Ill. App. 3d 3, 4, 353 N.E.2d 191, 192 (1976). " 'In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed.' "

*Hestand*, 362 Ill. App. 3d at 281 (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001)).

¶ 31    These standards remain in cases of resentencing. So long as a trial court applies the correct criteria in resentencing a defendant, it retains its discretion, and "it [is] *not* error for the trial court to impose the same sentence on remand." (Emphasis in original) *People v. Raya*, 267 Ill. App. 3d 705, 709, 642 N.E.2d 923, 926 (1994). " '[W]hen a sentence is vacated on appeal and the cause is remanded for a new sentencing hearing, that action should not be construed as a mandate to the trial judge to impose a lesser sentence on remand.' " *Raya*, 267 Ill. App. 3d at 709 (quoting *People v. Flanery*, 243 Ill. App. 3d 759, 761, 612 N.E.2d 903, 904 (1993)).

¶ 32    Based on his conviction for delivery of less than one gram of heroin within 1000 feet of Washington-Monroe Elementary School (720 ILCS 570/407(b)(2) (West 2016)), defendant faced a sentence of imprisonment of 4 to 15 years (730 ILCS 5/5-4.5-30(a) (West 2016)). While discussing aggravating factors, the trial court stated, "[T]he activity of the defendant does have the potential for harm, distributing drugs, specifically heroin, in the community." Defendant assigns error to this statement, claiming that considering harm to the community from selling drugs is inherent in the offense and so acts as an impermissible double enhancement in this case. We first observe defendant forfeited this issue by not objecting during the sentencing hearing, nor raising the issue in his motion to reconsider sentence, and he must establish plain error as a result. See *People v. McGath*, 2017 IL App (4th) 150608, ¶ 66, 83 N.E.3d 671 (citing 730 ILCS 5/5-4.5-50(d) (West 2014); *People v. Heider*, 231 Ill. 2d 1, 15, 896 N.E.2d 239, 247 (2008)).

¶ 33    "Generally, double enhancements are prohibited because courts assume that the legislature, in designating the appropriate range of punishment for an offense, necessarily considered the factors inherent in the offense." *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 29, 99 N.E.3d 571. Defendant, however, acknowledges a trial court may sometimes consider the harm caused by a crime, but " 'the record must demonstrate that the conduct of the defendant had a greater propensity to cause harm than that which is merely inherent in the offense itself.' " (quoting *People v. McCain*, 248 Ill. App. 3d 844, 852, 617 N.E.2d 1294, 1300 (1993)). Defendant claims the record here makes no such showing. However, Tenika Hervey testified she and defendant sold drugs together. She detailed their pattern of driving to Chicago to buy heroin and cocaine and then returning to Lincoln to sell the drugs out of her home. The record showed defendant delivering heroin on October 26, 2017, was not an isolated incident, but part of his drug operation that harmed the community more than the inherent harm in his conviction. The trial court's comments about societal harm, therefore, did not amount to double enhancement. See *McCain*, 248 Ill. App. 3d at 852 (explaining how commenting on the "significant harm inflicted upon society by drug trafficking" can help defendant's understand their punishment and may aid rehabilitation).

¶ 34    Even if the record did not support a comment about the potential harm to the community and the trial court's statement could be deemed a double enhancement, the law at times allows for double enhancements. In *Garcia*, for example, we stated "there is no prohibition against double enhancements when the legislature clearly intends to enhance a penalty based upon some aspect of the crime." *Garcia*, 2018 IL App (4th) 170339, ¶ 30. We then observed how the Illinois Controlled Substances Act allowed for " 'penaliz[ing] most heavily the illicit traffickers or profiteers of controlled substances,' " and gave courts " 'wide latitude in

sentencing discretion.' " (Emphasis omitted.) *Garcia*, 2018 IL App (4th) 170339, ¶ 34 (quoting 720 ILCS 570/100 (West 2012)). We further noted section 411 of the Illinois Controlled Substances Act outlined certain facts " 'warrant[ ] the most severe penalties,' " like when a person unlawfully delivers " 'the most highly toxic controlled substances, as reflected by their inclusion in Schedule I or II of this Act.' " *Garcia*, 2018 IL App (4th) 170339, ¶ 35 (quoting 720 ILCS 570/411 (West 2012)). Heroin is classified as a Schedule I controlled substance. 720 ILCS 570/204(c)(12) (West 2016). As defendant delivered heroin, a highly toxic controlled substance, the court could properly reference that fact. Importantly, we observe that when the court mentioned the harm to the community, it referenced "distributing drugs, *specifically heroin*." (Emphasis added.) The court's comments, therefore, reflected the legislative purpose expressed in section 411 of the Illinois Controlled Substances Act and comported with *Garcia*; thus, they did not constitute an improper double enhancement. Because no error occurred at all, defendant cannot establish plain error. *People v. Williams*, 193 Ill. 2d 1, 27, 737 N.E.2d 230, 245 (2000). Thus, we honor his forfeiture.

¶ 35 Defendant next contends the trial court improperly considered his DOC tickets because there was no live testimony to support the information in the PSI and it was unclear if defendant incurred the DOC tickets after the original sentencing hearing. Defendant forfeited this argument by not raising it in the trial court through an objection or in his motion to reconsider sentence. See *McGath*, 2017 IL App (4th) 150608, ¶ 66. He cannot show an error occurred, let alone plain error. Defense counsel made no objection to the PSI, which referenced defendant's major and minor infractions while in DOC. In fact, he accepted the PSI and offered no corrections. Defendant, therefore, acquiesced in the trial court considering the information in the PSI and cannot establish plain error. See *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 51, 129

N.E.3d 755 ("[T]he plain-error doctrine does not apply to affirmative acquiescence."). More importantly, though, the court did not err in referencing defendant's DOC tickets outlined in the PSI. We have "emphatically [said] that the trial court may rely on all of the information in the unobjected to PSI to the extent it believes it is relevant and reliable." (Emphasis omitted.) *Hibbler*, 2019 IL App (4th) 160897, ¶ 56. This includes evidence of a defendant's conduct while in prison. "The contents of prison incident reports are admissible during the penalty phase of a sentencing hearing so long as they are relevant and reliable." *People v. Casillas*, 195 Ill. 2d 461, 494, 749 N.E.2d 864, 885 (2000). The fact they constitute hearsay evidence is irrelevant since hearsay is admissible at a sentencing hearing. *People v. Gibson*, 2018 IL App (1st) 162177, ¶ 139, 105 N.E.3d 47.

¶ 36         Finally, defendant argues his 12-year sentence is excessive and represents an abuse of discretion by the trial court. Considering the highly deferential standard of review, we disagree. First, we presume the 12-year sentence is reasonable because it falls within the statutory range (4 to 15 years) of possible sentences for defendant's offense. *Moore*, 41 Ill. App. 3d at 4; see also 730 ILCS 5/5-4.5-30(a) (West 2016). Second, we note the court properly determined the sentence by considering appropriate factors like defendant's history, the seriousness of the crime, protecting society, and the need for deterrence. See *Hestand*, 362 Ill. App. 3d at 281. Third, given those sentencing factors and the record before us, we view defendant's 12-year sentence as neither arbitrary nor unreasonable (*Etherton*, 2017 IL App (5th) 140427, ¶ 26), nor is it disproportionate to the nature of delivering heroin near a school. *Alexander*, 239 Ill. 2d at 212. Defendant argues he should have received a lesser sentence on remand because he had one less conviction on his record. But that argument is meritless. On remand, a trial court is not bound to impose a lesser sentence and may reimpose the same

- 18 -

sentence it did originally. *Raya*, 267 Ill. App. 3d at 709. Ultimately, based on this record, we cannot say the court abused its discretion in resentencing defendant to the same 12-year term.

¶ 37                                    III. CONCLUSION

¶ 38            For the reasons stated, we affirm the trial court's judgment.

¶ 39            Affirmed.