NOTICE
Decision filed 07/21/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240886-U

NO. 5-24-0886

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 22-CF-10 |
| | ) | |
| BRYAN WELLER, | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: After the appellate court vacated defendant's sentence due to the circuit court's consideration of improper evidence in aggravation, the circuit court did not abuse its discretion in imposing the same sentence on remand where the circuit considered only proper factors. The sentence was not excessive where the circuit court considered both the defendant's significant criminal history and the mitigating evidence in the record.

¶ 2    Defendant, Bryan Weller, previously appealed his 25-year sentence for possession of methamphetamine with intent to deliver on the grounds that the circuit court improperly considered pending charges without hearing evidence concerning the facts underlying those charges. This court vacated his sentence and remanded for a new sentencing hearing. The circuit court imposed the same sentence on remand. Defendant appeals, arguing that (1) imposition of the same sentence

1

on remand indicates that the court again considered the improper factor and (2) the sentence was excessive. We affirm.

¶ 3                                I. BACKGROUND

¶ 4       In January 2022, the State charged defendant with possession of methamphetamine with intent to deliver more than 15 grams but less than 100 grams (720 ILCS 646/55(a)(2)(C) (West 2020)), methamphetamine trafficking (*id.* § 56(a)), and possession of more than 15 grams but less than 100 grams of methamphetamine (*id.* § 60(a), (b)(3)). In July 2022, the court directed a verdict in defendant's favor on the methamphetamine trafficking charge, and the jury found him guilty of possession of methamphetamine with intent to deliver.

¶ 5       The presentence investigation report (PSI) filed with the court in September 2022 contained a detailed list of defendant's prior convictions and pending charges in four other cases. In pertinent part, this list included 9 felony convictions in 7 previous cases, 3 prior misdemeanor convictions, and a total of 10 felony charges in 4 pending cases.

¶ 6       Additional information in the PSI, reported by defendant, included the following: defendant had been employed by a construction company for the past year, and he previously worked for another construction company for a period of nine years. He dropped out of school after eighth grade, but he subsequently earned his G.E.D. Defendant reported being addicted to methamphetamine and indicated that he was interested in seeking counseling for his addiction. He stated that he was "presently depressed because of his current situation" and suffered from social anxiety; however, he was not receiving mental health counseling or taking medication. We note that it is unclear whether these were diagnosed conditions. The PSI revealed that defendant was the father of three children, including a seven-month-old baby with his long-term girlfriend, Taylor

2

Costello. Costello also suffered from addiction, and she was recovering from her second overdose with a "long road" to recovery.

¶ 7    The circuit court held a sentencing hearing in September 2022. Neither party presented additional evidence, relying instead on the information in the PSI. Because he was eligible for extended-term sentencing, defendant faced a potential sentence of 6 to 60 years. See 730 ILCS 5/5-4.5-25(a) (West 2022). The State asked for a sentence of 35 years, while defendant urged the court to impose a sentence of between 7½ and 10 years. The circuit court sentenced defendant to 25 years in prison. Among the aggravating factors it considered was defendant's criminal history, including the charges pending against him in other cases. The court referred to the pending charges multiple times in explaining its ruling. Defendant filed a motion to reduce his sentence, which was denied.

¶ 8    Defendant appealed that sentence to this court. We found that the circuit court's reliance on the bare fact that additional charges were pending against him was improper, and we could not conclude that the court's consideration of those pending charges was insignificant where the court referred to them multiple times in its ruling. We therefore vacated defendant's sentence and remanded the matter for a new sentencing hearing. See *People v. Weller*, No. 5-22-0827 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9    After remand, the circuit court held a new sentencing hearing on May 24, 2024, with a different judge presiding. The court did not order a new PSI; however, it permitted the parties to make any necessary amendments to the existing PSI at the beginning of the hearing. Defense counsel indicated that defendant worked at two different jobs while imprisoned, including his current position working in the kitchen.

3

¶ 10 In addition to the PSI, the State presented the testimony of Quincy Fergurson, one of the investigating officers in this case. Fergurson testified that while executing a search warrant, officers found methamphetamine in a black safe in defendant's bedroom. He testified that the substance recovered from the safe had a preliminary weight of 63 grams. He acknowledged, however, that the lab only tested a small portion of the substance. At trial, Fergurson testified that the lab tested 20 grams of the substance and found that it contained methamphetamine. At the resentencing hearing, he explained that testing only a portion of the substance was a common practice. The prosecutor asked, "Is that just to fit within the range that's currently being charged against the defendant?" Fergurson responded, "I think that, in part, and saving time."

¶ 11 Fergurson was also involved in the investigation that led to charges involving the possession of several weapons in 20-CF-118, one of the other cases pending against defendant. Fergurson testified that during that investigation, he conducted a "knock and talk" at the residence where defendant lived with his mother, Paula Jones, and his brother, Shawn Weller. After speaking with Jones and Weller, Fergurson searched the garage and the basement with permission. He recovered a .40-caliber handgun from the garage and a .22-caliber pistol from the basement. According to Fergurson, Jones and Weller indicated that although they both had keys to the garage, nearly all of its contents belonged to defendant. Finally, Fergurson testified that Weller provided him with a key belonging to defendant. That key opened locked cabinets in the garage, where Fergurson found four additional firearms.

¶ 12 The State requested that the court impose the same 25-year sentence originally imposed. In support of this request, the prosecutor argued that the two main factors in aggravation were defendant's criminal history and the need to deter others.

¶ 13    Defense counsel asked the court to reduce defendant's sentence to 18 years. She urged the court to give little weight to Fergurson's testimony, arguing that the prosecutor elicited much of his testimony through leading questions. In mitigation, counsel argued that defendant (1) did not contemplate or cause bodily harm, (2) struggled with addiction, and (3) maintained steady employment, both in and out of prison. She further contended that, to the extent the court found deterrence an applicable factor in aggravation, an 18-year sentence would be sufficient to deter others from committing the same crime.

¶ 14    Defendant made a statement in allocution. He accepted "full responsibility" for his actions. He stated, however, that the methamphetamine found in his home was for his personal use, indicating that it would have lasted one week. Defendant told the court that he wanted to be able to raise his youngest child and teach that child not to make the same mistakes he made.

¶ 15    In ruling from the bench, the circuit court first noted that it would not consider any charges listed in the PSI as pending or dismissed, but it would consider Fergurson's testimony concerning the weapons charges in 20-CF-118. The court indicated, however, that it gave little weight to Fergurson's testimony because there was no indication that he had any direct knowledge concerning defendant's control over the areas where the weapons were found.

¶ 16    The court next stated that it considered the cost of incarceration, the arguments of the attorneys, and "all statutory and non-statutory factors in both aggravation and mitigation, whether I specifically mentioned them or not, the history and character of the defendant, [and] the statement in allocution." The court found the following statutory factors in aggravation applicable: (1) defendant's prior criminal history (730 ILCS 5/5-5-3.2(a)(3) (West 2022)) and (2) the need to deter others (*id.* § 5-5-3.2(a)(7)). In mitigation, the court found that (1) defendant did not cause or

contemplate serious physical harm (*id.* § 5-5-3.1(a)(1), (a)(2)) and (2) a lengthy prison sentence would cause hardship to his young child (*id.* § 5-5-3.1(a)(18)).

¶ 17    Addressing defendant, the court emphasized that selling methamphetamine is not a victimless crime. The court rejected defendant's claim that the methamphetamine at issue in this case was solely for personal use to feed his own addiction. However, the court recognized defendant's record of steady employment in and out of prison. The court sentenced defendant to 25 years in prison.

¶ 18    Defendant filed a motion to reduce his sentence, arguing that the court placed too much emphasis on the aggravating factors and too little emphasis on the mitigating evidence and that the court should not have found Fergurson's testimony reliable. At a hearing on that motion, the circuit court clarified and expanded on aspects of its earlier ruling. Specifically, the court noted that although it found that defendant did not contemplate or cause harm and considered that in mitigation, it gave little weight to that factor due to the potential harm that defendant could have caused by distributing 63 grams of methamphetamine. The court further noted that it considered the amount of methamphetamine within the 15-to-100-gram range in assessing the seriousness of the offense. In addition, the court indicated that it considered in mitigation the fact that defendant had a young child.

¶ 19    Finally, the court noted that it could not impose a sentence that was harsher than the 25-year sentence previously imposed. See 730 ILCS 5/5-5-4(a) (West 2022). However, the court opined that an extended-term sentence of between 30 and 60 years may have been appropriate otherwise and that the maximum nonextended-term sentence of 30 years "certainly" would have been appropriate. The court denied the motion to reduce sentence. This timely appeal followed.

6

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, defendant argues that the court abused its discretion in sentencing. There are two components to his argument. First, he contends imposition of the same sentence on remand demonstrates that the court did not eliminate from consideration the improper evidence in aggravation that it considered at the first sentencing hearing. Second, defendant contends that the 25-year sentence was excessive in light of significant mitigating evidence. For the reasons that follow, we reject these contentions.

¶ 22    The Illinois Constitution requires circuit courts to balance a defendant's rehabilitative potential against the seriousness of the offense in sentencing decisions. *People v. Blair*, 2015 IL App (4th) 130307, ¶ 33 (citing Ill. Const. 1970, art. I, § 11). This requires courts to carefully consider all applicable factors in mitigation and aggravation. *Id.* We give great deference to the circuit court because we recognize that the sentencing judge was in a far better position than we are to assess defendant's credibility, demeanor, and moral character. *People v. Raya*, 267 Ill. App. 3d 705, 708 (1994).

¶ 23    How much weight to give any proper sentencing factor is a matter within the discretion of the circuit court. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. However, when a court considers any improper factor, we will not affirm its decision unless we can determine from the record that the court gave so little weight to the improper factor that its consideration did not result in a harsher sentence. *People v. Heider*, 231 Ill. 2d 1, 21 (2008).

¶ 24    One factor a court may properly consider in aggravation is a defendant's criminal history. 730 ILCS 5/5-5-3.2(a)(3) (West 2022). Although the court may consider conduct for which defendant has not been convicted, it may only do so if presented with relevant, accurate evidence

7

of such conduct. *People v. Minter*, 2015 IL App (1st) 120958, ¶ 148 (citing *People v. LaPointe*, 88 Ill. 2d 482, 498-99 (1981)). The court may not "rely on bare arrests or pending charges." *Id.*

¶ 25 Whether the circuit court relied upon an improper factor in sentencing is a question of law, subject to *de novo* review. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 103. However, circuit courts have broad discretion in sentencing, and we will not disturb the sentence ultimately imposed absent an abuse of this broad discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).

¶ 26 Defendant first argues that the circuit court's decision to impose the same sentence on remand "does not reflect the elimination of the improperly considered pending charges." We disagree.

¶ 27 Although the Unified Code of Corrections prohibits the imposition of a harsher sentence after a defendant's original sentence has been set aside (730 ILCS 5/5-5-4(a) (West 2022)), there is no requirement that a resentencing court reduce the original sentence (*Raya*, 267 Ill. App. 3d at 709). Moreover, we presume that the circuit court employed proper legal reasoning in its sentencing decision, and a defendant must therefore affirmatively demonstrate that his sentence was based on an improper factor. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 103.

¶ 28 Here, there is no dispute that defendant had an extensive criminal history considering only his prior convictions. The circuit court expressly stated that it would not consider the pending charges listed in the PSI. However, the court could and did consider the testimony concerning the conduct underlying the charges in 20-CF-118, even though it did not give much weight to that testimony. The State did not present similar testimony at defendant's first sentencing hearing. While it was thus improper to consider the mere fact that defendant faced pending charges during the first sentencing hearing, the court could properly consider the testimony concerning the underlying conduct the State presented on remand. See *Minter*, 2015 IL App (1st) 120958, ¶ 148.

¶ 29    Moreover, in fashioning defendant's sentence on remand, the circuit court had before it evidence concerning the amount of methamphetamine found in defendant's bedroom that was not available during the first sentencing hearing. Specifically, Fergurson testified that the substance had a preliminary weight of 63 grams, which was nearly 50 grams more than the lower end of the 15-to-100-gram range that made his conduct a Class X offense. The circuit court properly considered this quantity in assessing the seriousness of the offense. See *People v. Garcia*, 2018 IL App (4th) 170339, ¶ 42. A circuit court does not err by reimposing the same sentence on remand regardless of whether the State presents additional aggravating evidence. See *Raya*, 267 Ill. App. 3d at 709. In this case, the State presented additional evidence concerning the seriousness of the offense, and the circuit court explicitly stated that it would not consider the mere fact that defendant faced pending charges listed in the PSI. We find no error under these circumstances.

¶ 30    Defendant next contends that his 25-year sentence was excessive due to "a wealth of mitigating evidence." We disagree.

¶ 31    As noted earlier, the circuit court has broad discretion in sentencing. *Alexander*, 239 Ill. 2d at 212. Where, as here, the court imposes a sentence within the statutorily prescribed range for the offense charged, the sentence is presumptively proper. *People v. Charleston*, 2018 IL App (1st) 161323, ¶ 16. However, even a sentence within the statutory range can constitute an abuse of discretion if it varies greatly from the purpose and spirit of the law. *Blair*, 2015 IL App (4th) 130307, ¶ 33.

¶ 32    In arguing that "a wealth of mitigating evidence" supported imposition of a lower sentence, defendant highlights his history of steady employment, his statement in allocution accepting responsibility for his actions, and his struggle with addiction. However, we presume the circuit court considered any mitigating evidence before it absent some indication to the contrary. *People*

9

*v. Walker*, 2021 IL App (4th) 190073, ¶ 74. Here, there is no indication that the court failed to consider any of the mitigating evidence defendant points to in his argument. Moreover, the court expressly considered defendant's statement in allocution and considered in mitigation evidence of his steady employment.

¶ 33 Defendant points out that although the circuit court did not consider evidence of his addiction as a mitigating factor on remand, it had done so during his original sentencing hearing. Although defendant does not explicitly argue that the court was required to consider his addiction as a mitigating factor on remand, he asks this court to consider that evidence in evaluating his claim that the sentence was excessive in view of the mitigating evidence presented. We will therefore address the propriety of the circuit court's decision not to consider addiction as a mitigating factor on remand.

¶ 34 Addiction is not a statutory factor in aggravation or in mitigation. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105. Nevertheless, a defendant's struggle with addiction is a factor the circuit court may consider in mitigation. *People v. Young*, 250 Ill. App. 3d 55, 65 (1993); *People v. Smith*, 214 Ill. App. 3d 327, 339-40 (1991). While courts have the discretion to treat evidence of addiction as a mitigating factor, however, they are not required to do so. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105; *Smith*, 214 Ill. App. 3d at 340.

¶ 35 Here, different judges presided over defendant's sentencing hearings before and after his first appeal. At the resentencing hearing, the circuit court addressed defendant's struggles with addiction. The court acknowledged that some of defendant's previous offenses were "consistent with addiction," but found that his possession of 63 grams of methamphetamine in this case was consistent with being a dealer, not merely a user. The circuit court was not required to consider defendant's addiction as a factor in mitigation.

10

¶ 36 Defendant next challenges the court's reliance on deterrence as a factor in aggravation. As defendant acknowledges, the need to deter others is a statutory factor the circuit court may consider in aggravation. 730 ILCS 5/5-5-3.2(a)(7) (West 2022). He notes, however, that this court has questioned the "fairness and utility of deterrence as a factor." See *People v. Thomas*, 76 Ill. App. 3d 969, 976 (1979). Pointing to this court's decision in *Thomas*, defendant argues that "the fairness and utility of imposing such a harsh sentence based solely on deterrence and [the defendant's] criminal history was questionable at best." We are not persuaded.

¶ 37 In *Thomas*, the need to deter others was the only aggravating factor the circuit court found applicable. *Id.* at 972-73. It was in that context that this court questioned the fairness or utility of deterrence as a factor. This court has subsequently observed on more than one occasion that *Thomas* merely stands for the proposition that deterrence may not serve as a basis to deny probation where there are no other aggravating factors. See, *e.g.*, *People v. Floyd*, 160 Ill. App. 3d 80, 88 (1987); *People v. Simmons*, 138 Ill. App. 3d 492, 501 (1985). Moreover, the weight to be accorded individual factors in aggravation and mitigation is left to the discretion of the circuit court. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104. We find no error in the court's decision to consider the need for deterrence as a factor in aggravation, nor do we find an abuse of discretion in the way the court ultimately weighed the factors it found relevant.

¶ 38                                III. CONCLUSION

¶ 39 For the foregoing reasons, we affirm defendant's sentence.


¶ 40 Affirmed.